No. 7981.

McDONOUGH ET AL. *v.* KANE.

PRACTICE.—*Appeal from Justice of the Peace.*—*Change of Venue.*—*Costs.*—Where, in an action appealed from a justice of the peace by defendants, a change of venue from the county was granted to plaintiff, a motion by defendants to tax to the plaintiff all the costs accrued in the cause up to the time of granting the change, under the provisions of the justices' act on that subject, 2 R. S. 1876, p. 612, sec. 29, was properly overruled.

SAME.—In such case, upon the costs of the change being paid or replevied, the change should be granted.

SAME.—*Pleading.*—*Written Instrument.*—*Repugnancy.*—*Demurrer.*—A statement in a pleading inconsistent with the legal effect of a written instrument made a part of such pleading is no cause for demurrer.

SAME.—*Two Contracts of Same Substance.*—*First Merged in Second.*—Where two contracts are made part of a pleading, and the one last made embraces the entire substance of the one first made, the first contract will be regarded as merged in the second, and the fact that the merged contract is set forth in the pleading, and treated by the pleader as subsisting, and the real contract treated as a mere recital of the first, does not render the pleading bad on demurrer.

From the Marshall Circuit Court.

*J. S. Slick, J. W. Rickel* and *J. W. Smith,* for appellants.
*P. O. Jones. M. A. O. Packard* and *O. M. Packard,* for appellee.

MORRIS, C.—This action was commenced before a justice of the peace of Fulton county, appealed to the circuit court, and finally taken by change of venue to Marshall county.

The complaint is in two paragraphs. The appellants appeared before the justice and filed their demurrer to the first and second paragraphs of the complaint, for the reasons:

"1st. That there is an improper joinder of parties;

"2d. That said complaint does not state facts sufficient to constitute a cause of action."

This demurrer is not to each paragraph separately, but to both. It was overruled. There was a trial before the justice, and judgment in favor of the plaintiff below.

Upon appeal to the circuit court, Kane filed his affidavit for a change of venue. The affidavit seems to have been filed on the 4th of September, 1877, and change granted. On the next day, the appellants moved the court to tax all the costs that had accrued in the cause, up to the time of granting the change, to the appellee, on the ground that the court should be governed, in granting the change, by the provisions of the justices' act on that subject. The court properly overruled this motion, and ordered that, upon the costs of the change being paid or replevied, the change be granted, as before ordered.

The judge of the Marshall Circuit Court having been engaged as counsel for one of the parties, by their agreement, the Hon. Horace Corbin was appointed to preside as judge during the trial of said cause.

The appellant Doyle filed in the Marshall Circuit Court a demurrer to each paragraph of the complaint, which was overruled. The cause was submitted to a jury for trial, and a verdict returned for the appellee. The appellants filed separate motions for a new trial, on the ground that the verdict was not sustained by the evidence, and was contrary to law, and because the damages were excessive. The motion for a new trial was overruled, and judgment rendered in

favor of the appellee. The rulings of the court upon the demurrer to the complaint are assigned as error.

The first paragraph of the complaint states that articles of agreement had been entered into between the appellee and the appellant McDonough, a copy of which is filed with and made part of the complaint; that afterward, on the 10th day of December, 1875, by a writing on the back of a paper containing the substance of said agreement, the appellant Doyle promised and agreed to become jointly responsible with the said McDonough for the due performance of said agreement. Copies of the paper alleged to contain the substance of said agreement, and of the undertaking of Doyle indorsed thereon, were filed with and made part of said paragraph. It is averred that the appellee fully performed his part of the agreement, but that the appellants had failed and refused to perform their part.

By the first contract, which is without date, the appellee agrees to withdraw a suit commenced by him against McDonough before a justice of the peace, and then pending in the Fulton Circuit Court, and pay one-third of the constable and justice's fees. McDonough agreed to pay the other two-thirds. Kane, the appellee, also agreed to withdraw another suit brought before a justice, and then pending in the Fulton Circuit Court, pay half the costs, and $26 for plowing six acres and sowing the same in wheat. McDonough agreed to pay the other half of the costs in said suit. The parties also mutually agreed to stop all other suits pending or contemplated. McDonough was to have possession of a cabin.

The second paper, filed as a part of this paragraph, purports to have been made between the same parties, and is dated August 30th, 1875. It does not recite nor refer to the former agreement, but purports to be an independent agreement between the appellee and McDonough, embracing the entire substance of the former agreement. The two

agreements differ as to the amount of costs to be paid by the parties in one of the pending suits mentioned in both; otherwise they are the same.

On this last contract, Doyle endorsed the following statement:

"Whereas the within agreement has not heretofore been performed, by reason of the within named McDonough having failed to give surety for the performance of his part thereof: Now, for the purpose of enforcing the same, I, John Doyle, do hereby become jointly responsible with Bennett McDonough for the full, complete and entire performance of all the covenants and agreements herein contained, to be performed by said McDonough.

"Witness my hand and seal this 10th day of December, 1875.

"Attest: J. S Slick."        "John $\times$ Doyle.

It is alleged in this paragraph of the complaint, that the appellee had been compelled to pay costs which McDonough agreed to pay, and had sustained damages in the sum of $182.19. The manner in which the plaintiff below refers to the several agreements which are made part of the first paragraph of his complaint leaves it quite doubtful whether or not, upon his construction, Doyle is shown to be liable. But, as all the agreements are made a part of the pleading, the court will not be bound by the construction thus given to the contracts, but will give them such meaning as, in its opinion, the law will authorize. As the contract between the appellee and McDonough, of the date of August 30th, 1875, was the last made between them, and as it embraces the entire substance of the former contract, with some variations, the first contract must be held to be merged in the second. The first could not be performed without violating some of the terms of the second. The latter must, therefore, be regarded as the only contract set out in the first paragraph of the complaint. Nor will the pleading, if otherwise good, be rendered invalid

by the fact that a copy of the merged contract is set forth as a part of it, treated by the pleader as a subsisting contract, and the real contract treated as a mere recital of the first. These statements are, it is true, repugnant to the meaning of the papers filed with and made part of the paragraph. But a statement in a pleading, inconsistent with the legal effect of a writing made a part of such pleading, is no cause for demurrer. *Forst* v. *Elston*, 13 Ind. 482.

Upon the back of the second contract, Doyle writes: "Whereas the within agreement has not heretofore been performed, by reason of the within named McDonough having failed to give surety for the performance of his part thereof." McDonough could not have failed, as stated by Doyle, to give surety, unless by the agreement and understanding between him and Kane at the time the contract of August 30th, 1875, was signed by them, he had agreed to procure such security. The above language of Doyle clearly implies that McDonough was to procure surety before the contract should become binding. And his subsequent language strengthens and renders this implication certain. He adds: "Now, for the purpose of enforcing the same," (the contract) "I, John Doyle, do hereby become jointly responsible with Bennett McDonough," etc. It was, according to the clear implication and meaning of his language, his signature that consummated the contract, and rendered it binding upon Kane and McDonough. The agreement of Kane, binding him to do the things mentioned in the contract, was the consideration for the undertaking of Doyle, and quite sufficient.

We think the court did not err in overruling the demurrer to the first paragraph of the complaint.

The second paragraph of the complaint is upon the contract of the date of August the 30th, 1875, and the undertaking endorsed thereon by Doyle. It is the same as we

have held the first to be.    The demurrer to it was, therefore, properly overruled.

This disposes of the questions discussed by counsel. We think the judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.