Filed Sept. 17, 1886.

————◆————

No. 12,694.

HAYS v. PECK.

DEED.—*Consideration.*—*Parol Evidence of.*—*Agreement of Grantee to Pay Encumbrance.*—Where the consideration of a deed is stated in general terms, the true consideration may be shown by parol, and for this purpose it may be shown that the grantee verbally agreed, as a part of the consideration, to pay an existing encumbrance.

From the Blackford Circuit Court.

*J. Cantwell, S. W. Cantwell* and *R. S. Gregory,* for appellant.
*W. A. Bonham* and *J. A. Bonham,* for appellee.

ELLIOTT, J.—The appellant's complaint alleges that the appellee executed to her a deed with full covenants of warranty; that these covenants were broken by a lien on the land conveyed, created by an assessment for the construction of a ditch, on which assessment the land was sold.

The appellee was permitted to prove by parol, that as part of the consideration for the conveyance of the land, the grantee undertook to pay the assessment. The ruling of the court in permitting this evidence to be introduced is vigorously assailed, but, in our opinion, the assault is not a successful one. It is settled by our decisions that the consideration of a deed may be shown by parol evidence, and that, for this purpose, it may be shown that the grantee verbally agreed, as part of the consideration, to pay an existing encumbrance. *Allen* v. *Lee,* 1 Ind. 58; *Pitman* v. *Conner,* 27 Ind. 337; *Robinius* v. *Lister,* 30 Ind. 142; *Carver* v. *Louthain,* 38 Ind.

530; *McDill* v. *Gunn,* 43 Ind. 315. The doctrine of *Chapman* v. *Long,* 10 Ind. 465, in conflict with that declared in the cases we have cited, has been repeatedly disapproved, and the case itself expressly overruled. *Pea* v. *Pea,* 35 Ind. 387, see p. 397; *Harvey* v. *Million,* 67 Ind. 90.

It is an elementary doctrine that the consideration of a deed may be shown by parol, and it is impossible to give effect to this doctrine without permitting the parties to prove what agreement as to the consideration preceded the execution of the deed. The agreement as to the consideration necessarily precedes the execution of the deed, and the fact that the consideration was agreed upon some time prior to the delivery of the deed does not preclude the grantor from showing what constituted the consideration of the deed. To hold otherwise would be to run counter to the rudimentary doctrine that it is always competent to prove the actual consideration yielded for the conveyance of land. With few exceptions the rule is, that the preliminary negotiations are merged in the deed. *Ice* v. *Ball,* 102 Ind. 42. This doctrine, however, does not apply to the consideration, except, perhaps, where the deed specifically sets forth the consideration. Where, however, the consideration is merely stated in general terms, the doctrine does not apply. The case of *Ice* v. *Ball, supra,* is not to be considered as deciding that where the deed states the consideration in general terms, the grantee is precluded from proving the true consideration, even though it may have been agreed upon prior to the execution of the deed. It is, of course, necessary to show that the consideration previously agreed upon was the one on which the deed was founded.

Judgment affirmed.

Filed Sept. 17, 1886.