## LOWRY v. DOWNEY ET AL.

[No. 18,549.   Filed April 26, 1898.]

PRACTICE.—*Harmless Error.*—No error was committed in overruling a demurrer to an insufficient paragraph of complaint, where the special findings affirmatively disclose that the judgment rests wholly upon another paragraph.   *p. 365.*

VENDOR'S LIEN. —*Exchange of Property.*—Where. in an exchange of real estate, one of the parties agreed as a part consideration of the trade that she would pay off and discharge certain liens against the property conveyed by her, upon her failure to do so the grantee may pay off and discharge such liens, and recover from her the amount thereof as the balance of purchase money of the real estate taken in exchange, and enforce a vendor's lien therefor on the real estate conveyed to her.   *pp. 365-369.*

DEEDS.—*Consideration.*—Where the consideration in a deed is stated in general terms, the true consideration may be shown by parol by either party, for any purpose, except to defeat the operation of the deed as a valid and effective grant, and it may be shown by such evidence that grantee verbally agreed as a part of the consideration to pay an incumbrance existing on the real estate conveyed.   *p. 369.*

EVIDENCE.—*When Not in Record.*—*Bill of Exceptions.*—The evidence is not properly in the record, where it is not shown that the bill of exceptions containing the evidence was filed with the clerk or in open court.   *p. 370.*

From the Howard Circuit Court.   *Affirmed.*

*L. J. Kirkpatrick, J. F. Morrison* and *T. C. Mc-Reynolds*, for appellant.

*John E. Moore* and *Freeman Cooper*, for appellees.

JORDAN, J.—Appellees filed in the lower court a complaint in two paragraphs against the appellant, for the recovery of money, and to enforce a vendor's lien against the real estate described in the complaint. Appellant demurred to each of these paragraphs, which demurrer was overruled and exception duly reserved.   There was an answer and reply filed by the parties respectively, and the issues as joined were tried by the court, and by request there was a special

finding of facts and conclusions of law thereon, upon which the court, over appellant's exceptions, and over her motion for a new trial, rendered judgment in favor of appellee for $160.00, and for a foreclosure of the vendor's lien.

The errors assigned are: (1) That the court erred in overruling the demurrer to each paragraph of the complaint; (2) that the court errred in its conclusions of law; (3) in overruling the motion for a new trial.

We need not stop to consider the sufficiency of the first paragraph of the complaint, as the special finding affirmatively discloses that the judgment rests wholly on the second paragraph, and under such circumstances, even though the insufficiency of the first paragraph be conceded, the overruling of the demurrer thereto would not be available error. *Burkam* v. *Burk*, 96 Ind. 270; *Evansville, etc., R. R. Co.* v. *Maddux*, 134 Ind. 571; *Putt* v. *Putt*, 149 Ind. 30; Elliott's App. Proc., section 637.

The second paragraph of the complaint alleges facts which, in substance, are as follows: The plaintiffs on the 29th day of October, 1894, were the owners in fee simple of certain described real estate situated in the city of Kokomo, Howard county, Indiana, which on that day they sold and conveyed by warranty deed to the defendant, Irene Lowry, for the consideration of $7,700.00. That the plaintiffs were to receive in consideration for the conveyance of the said real estate to the defendant other real estate described in the complaint, situated in the city of Frankfort, in Clinton county, Indiana, the same to be conveyed to the plaintiff by the defendant, subject to a mortgage lien existing thereon for $1,800.00, held by one Zimmerman, and also to be subject to the taxes for 1894, but subject to no other liens. This agreement, it is averred, was reduced to writing, and signed

by the plaintiffs and the defendant, Mrs. Lowry, and also by her husband. After the execution of this contract by the parties, and before the execution by the plaintiffs of the deed conveying their Kokomo property to the defendant, it was discovered that certain other mortgage and judgment liens existed against the Frankfort property which Mrs. Lowry was to convey to the plaintiffs in consideration of the property to be conveyed to her by them. These liens were not mentioned in the contract, nor were the plaintiffs under its terms obligated to either pay the same or take the real estate to be conveyed to them by Mrs. Lowry subject thereto. After the plaintiffs became aware of the existence of these liens they declined to proceed any further in the transaction, or to close the trade by the delivery of the deed to the defendant for their Kokomo property until the liens in question were paid by the defendant, or provisions for their payment and satisfaction made by her. Thereupon the defendant, Mrs. Lowry, in order to induce the plaintiffs to complete the trade, and for the purpose of obtaining the title from the plaintiffs to the Kokomo property, verbally agreed with and promised them that as a part of the consideration for the said property she would fully pay off and discharge and satisfy these liens which existed on her Frankfort property within ten days thereafter. This promise and obligation, made upon the part of Mrs. Lowry, was accepted by the plaintiffs, and thereupon, on account of the same, plaintiffs were induced to and did deliver to the said defendant a deed for their property in Kokomo whereby the title to the same was conveyed to said defendant. It is alleged that the defendant wholly failed to keep her said promise to pay off and discharge said liens, and that the plaintiffs, in order to protect the Frankfort property which the

defendant had conveyed to them, were finally com-
pelled to and did pay off and satisfy these liens, and
that no part of the money so paid by them in the dis-
charge and satisfaction of the liens has been repaid
by the defendant, and that the money so paid is now
due and wholly unpaid, to the amount of $400.00.  The
fact that the defendant is insolvent, and that she has
no property other than that conveyed to her by the
plaintiffs, is shown, and the prayer is for a judgment
against the defendant for the money alleged to be due
the plaintiffs as purchase money, and that a vendor's
lien be declared and foreclosed against the real es-
tate so conveyed by them to the defendant.

Counsel for appellant claim that the paragraph is
not sufficient on demurrer for the reason that the
parol agreement relied on was merged in the deed of
conveyance executed by the appellees to appellant,
and, as it does not appear that this deed provided for
the payment by the appellant of the liens in contro-
versy "as a part consideration of the purchase
money," therefore, it is said that the pleading is not
sufficient to enforce a vendor's lien.   Appellees con-
tend, however, that they are not seeking to change the
terms or provisions of any written contract or deed
by a previous or contemporaneous parol agreement,
but are only seeking to show thereby what the real
and true consideration was which entered into the
execution of the deed conveying their real estate to
appellant.   It may be said that the facts alleged in
the second paragraph show that the transaction or
deal between the parties to this action was in the
nature of an exchange of property.   By the aver-
ments of the pleading it is disclosed that under the
terms of the written contract, executed prior to the
verbal agreement in dispute, appellees were to accept
from appellant a deed of conveyance to her property

situated in the city of Frankfort subject to a certain
mortgage lien, and also subject to the lien of the taxes
of 1894, but this property was not to be taken by appel-
lees subject to any other lien or liens.    They were to
accept it, as previously agreed, as the consideration
for the conveyance to appellant of the Kokomo prop-
erty.    Before the final transfer of the latter to appel-
lant, however, it was ascertained that the liens in con-
troversy existed against the Frankfort property in
addition to those subject to which appellees had by
the original contract agreed to accept said property.
The latter, on discovering these additional liens, it
appears, refused to proceed further in the matter until
appellant either paid and satisfied such liens or made
provisions for their payment.    In order, then, as it is
shown, to induce appellees to consummate the deal,
and finally execute to appellant a deed, which they
did, for the real estate in Kokomo, the latter verbally
agreed to pay and satisfy the liens in question within
ten days, as a part of further consideration for the
conveyance of the latter property to her.    We think
it reasonably appears from the facts that under the
parol agreement the payment and discharge of these
liens by appellant expressly became a part of and
entered into the consideration upon which the con-
veyance of the Kokomo property rested, and the fail-
ure of appellant to comply with her agreement to pay
and satisfy them, and thereby relieve the property
from these incumbrances, must be considered as a
default on her part to pay the purchase price of the
real estate in dispute, to the amount due upon the
liens, principal and interest; and appellees having
paid this amount, and satisfied the liens, would be
entitled, under the circumstances, to proceed against
appellant for the recovery of the amount so paid,
and to enforce a vendor's lien on the realty conveyed

to her.   It is the settled rule in this State that where the consideration in a deed is stated in general terms, the true or real consideration may be shown by either party for any purpose, by parol evidence, except to defeat the operation of the deed as a valid and effective grant, and it may be shown by such evidence that the grantee verbally agreed as a part of the consideration to pay an incumbrance existing on the real estate conveyed.   *Levering* v. *Shockey*, 100 Ind. 558; *Hays* v. *Peck*, 107 Ind. 389, and authorities cited. Under the facts, this case comes fully within this doctrine.

As a general rule, all preliminary negotiations between the parties leading up to the execution of a deed, with some exceptions, are merged in the deed; but this rule, under our decisions, does not apply to the consideration, except where the instrument specifically sets forth the consideration.

In *Hays* v. *Peck, supra,* Elliott, J., speaking as the organ of this court, said: "It is an elementary doctrine that the consideration of a deed may be shown by parol, and it is impossible to give effect to this doctrine without permitting the parties to prove what agreement as to the consideration preceded the execution of the deed.   The agreement as to the consideration necessarily precedes the execution of the deed, and the fact that the consideration was agreed upon some time prior to the delivery of the deed does not preclude the grantor from showing what constituted the consideration of the deed. To hold otherwise would be to run counter to the rudimentary doctrine that it is always competent to prove the actual consideration yielded for the conveyance of land."   See, also, *Pickett* v. *Green*, 120 Ind. 584; *Nichols, etc., Co.* v. *Burch*, 128 Ind. 324; *Smith* v. *Mc-*

*Clain,* 146 Ind. 77; *Pennsylvania Co.* v. *Dolan,* 6 Ind. App. 109.

The second paragraph of the complaint is sufficient, and there was no error in overruling the demurrer thereto.

The facts stated in the special finding fully support those set up in the second paragraph of the complaint, and sustain the trial court's conclusions of law.

The evidence is not before us, for the reason that it does not appear from the record that the bill of exceptions said to contain it, was filed with the clerk, or in open court. This is essential. See act approved March 8, 1897 (Acts 1897, p. 244); *Miller* v. *Evansville, etc., R. R. Co.,* 143 Ind. 570; *Drake* v. *State,* 145 Ind. 210.

The evidence not being in the record, we cannot consider nor review any questions depending thereon which appellant seeks to present.

There being no available error, the judgment is affirmed.