## Adams *v.* Adams.

[No. 20,016.   Filed February 4, 1903.]

CONTRACTS.—*Good-Will.*—*Merger.*—A contract whereby plaintiff in consideration of the sale of certain property and business agreed not to engage in the business while defendant was engaged therein is not merged in a subsequent agreement in which defendant sold the business and good-will to plaintiff, the latter contract having reference only to the future. *pp. 61–63.*

PLEADING.—*Estoppel.*—No question of estoppel is presented on appeal from a judgment for defendant on an answer of set-off in an action for breach of contract, where the estoppel was not pleaded by plaintiff as a defense thereto. *p. 63.*

From Henry Circuit Court; *W. O. Barnard*, Judge.

Action by Henry J. Adams against William J. Adams. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*E. H. Bundy* and *J. M. Morris*, for appellant.

MONKS, J.—Action by appellant on a written contract entered into between appellant and appellee on May 21, 1900, wherein appellee agreed that in consideration of the purchase from him by appellant of certain real estate and the good-will of appellee's business as a dealer in poultry, eggs, butter, and junk, that he would not engage in said business in certain territory for a period of five years, and in the event he should engage in such business, in violation of said contract, that he would pay appellant, as liquidated damages, the sum of $1,000. It was alleged in the complaint that appellee, "on November 19, 1900, in violation of said agreement, was, and since that time, and now is," engaged in said business.

Appellee answered by way of set-off, from which it appeared that in the year 1894 appellant was engaged in the poultry business, and also in the grocery business, in the town of Newcastle, Henry county, Indiana, and that in

December, 1894, appellee purchased from appellant his poultry business and good-will; and in December, 1895, he purchased said grocery and grocery business and good-will; in consideration of said purchase by appellee, appellant agreed that he would not engage in the poultry business in Newcastle so long as appellee remained in said business in said town, and that appellee performed all the conditions of said contract on his part; that in the spring of 1898 appellant, in violation of his said contract, engaged in the poultry business in Newcastle, and has continued therein until the time of filing said answer.   It is also alleged that appellee was damaged thereby in the sum of $8,000, which he asks to be set off against appellant's claim and judgment for the residue.   Appellant's demurrer for want of facts to this paragraph of answer was overruled.   A trial of said cause resulted in a judgment in favor of appellee for $50.

The errors assigned call in question the  action of  the court in overruling appellant's demurrer to the answer of set-off, and the motion for a new trial.

Appellant insists that his demurrer to the paragraph of set-off should have been sustained, because the contract set forth in said paragraph of set-off was merged in the contract sued upon in the complaint, and was a settlement of all said matters between the parties to that date; citing 15 Am. & Eng. Ency. Law. 353; McDonough v. Kane, 75 Ind. 181.   The rule is thus stated in 15 Am. & Eng. Ency. Law. 353:   "Prior contracts are merged in and superseded by subsequent ones embracing the entire subject-matter; the latter being the last act of the parties must be presumed to contain and express the true meaning and intention even though the latter be of no higher nature than the former. Stow v. Russell, 36 Ill. 18; Chrisman v. Hodges, 75 Mo. 413; Hargrave v. Conroy, 19 N. J. Eq. 281."

The doctrine of merger has no application to the contracts mentioned in the pleadings in this case, for the reason that the contract of May 21, 1900, sued upon in the complaint,

did not embrace the entire substance or subject-matter of the contract of December, 1895. The contract of May 21, 1900, had reference only to the future conduct of appellee, and in no way affected appellant's liability on account of his having before that time violated the contract of December, 1895.

Appellant next insists that the verdict of the jury was contrary to law, because appellee was and is, by his conduct, estopped from claiming any damages. If appellee, by conduct or otherwise, was estopped from recovering damages against appellant for his breach of the contract set up in appellee's answer of set-off, the same should have been pleaded by appellant as a defense thereto. This was not done, and no question of estoppel is before us.

What we have said disposes of all the questions presented. Judgment affirmed.