## BURK v. BROWN.

[No. 8,478.   Filed March 26, 1915.]

1. VENDOR AND PURCHASER.—*Contract to Pay Mortgage Debt.—Nonperformance.—Action.—Necessity for Demand.*—The promise of a vendor at the time of delivering a deed purporting to convey the property described free and clear of all encumbrances, to pay an existing mortgage debt on the premises, implied that payment should be made when the debt matured, and his failure to so pay and permitting a suit to foreclose long after maturity amounted to a renunciation of the promise and waived the necessity of demand for performance as prerequisite to an action by the purchaser.   p. 415.

2. EVIDENCE.—*Parol Evidence.—Consideration for Deed.*—Notwithstanding the general rule that all preliminary negotiations and agreements are merged in a deed, where the consideration is stated in general terms, that is, when it is not contractual, the true consideration may be shown by parol evidence for any purpose except to defeat the operation of the deed as a valid grant.   p. 416.

3. VENDOR AND PURCHASER.—*Parol Agreement to Pay Mortgage Debt.—Enforcement.*—A parol agreement by a vendor, who had contracted to convey free of encumbrances, to pay off a mortgage debt found to exist at the time he tendered a warranty deed to the purchaser, became a part of the consideration for the purchaser's subsequent acceptance of the deed and the transfer of the consideration therefor, and on failure of the vendor to perform, the purchaser may sue for the breach.   p. 417.

4. PLEADING.—*Complaint.—Sufficiency against Demurrer.*—Where a complaint states facts entitling plaintiff to some relief, it is good against demurrer although the nature of the action and the relief demanded are not as definitely pleaded as might be desired.   p. 417.

5. ACTION.—*Pleading.—Theory.—Determination.*—The character and theory of an action are determined by the facts stated in the complaint and not by the prayer for relief.   p. 417.

6. DEEDS.—*Contracts.—Merger.—Acceptance of Conveyance.—Effect.*—In the absence of fraud or mistake, all prior or contempo-

raneous negotiations or executory agreements, written or verbal, leading up to the execution of a deed are merged therein by the grantee's acceptance of the conveyance, even though the grantor is a third person, not a party to such negotiations or agreements, if the deed is made in compliance therewith.   p. 418.

7.  VENDOR AND PURCHASER.—*Contracts.*—*Action for Nonperformance.*—*Accord and Satisfaction.*—*Sufficiency of Answer.*—In an action to recover for a vendor's failure to perform an oral agreement to pay off a mortgage debt made at the time of delivering to plaintiff a deed executed by a third person and purporting to convey the land free from all encumbrances, an answer averring the acceptance of the deed as a merger of all agreements between the vendor and plaintiff and a consequent release of the vendor from his obligation to furnish a title free from encumbrances, or as an accord and satisfaction, was not good as an answer of accord and satisfaction, since it simply averred a satisfaction without an accord; but if construed as simply affirmatively pleading a merger, the answer was not insufficient for failure to plead a consideration, since a merger is not a new or additional contract, but is the effect of the acceptance of a contract upon prior or contemporaneous negotiations terminating in its execution.   p. 418.

8.  VENDOR AND PURCHASER.—*Contracts.*—*Action.*—*Issues.*—In an action to recover for a vendor's failure to perform an oral agreement made at the time of delivering a deed to plaintiff, to pay off a mortgage debt against the land, where the principal questions of fact involved were whether there was such a parol understanding or agreement, or whether plaintiff's acceptance of the deed, which was executed by one who was not a party thereto merged the parol agreement and released the vendor from his obligation, the latter had a right to have the question of merger submitted to the jury under the answer of general denial.   p. 419.

9.  VENDOR AND PURCHASER.—*Contracts.*—*Action.*—*Instructions.*— In an action for breach of a contract to sell real estate free from encumbrances, where there was evidence that the vendor promised to pay off a mortgage debt against the land, and that a third person executed a deed to the purchaser, instructions that if the purchaser agreed to accept the deed in satisfaction of the vendor's obligation to convey free from encumbrances, the agreement would not be binding unless it was upon some consideration other than that named in the original contract, were confusing and misleading, and irreconcilable with another instruction telling the jury that if plaintiff accepted the deed in compliance with and fulfillment of the original contract, the defendant's obligation under the original contract was merged in the deed and plaintiff could not recover.   p. 420.

From Howard Circuit Court; *William C. Purdum*, Judge.

Action by William A. Brown against Benjamin F. Burk. From a judgment for plaintiff, the defendant appeals. *Reversed.*

J. F. *Charles* and *Harness, Moon & Voorhis,* for appellant.

*Condo & Brown* and *Blacklidge, Wolf & Barnes,* for appellee.

POWERS, J.—This action was begun by appellee against appellant in the circuit court of Grant County, to recover damages, growing out of an alleged breach of a contract for the sale of real estate. The venue was changed to the Howard Circuit Court, and the cause there tried by a jury. A proper understanding of the questions presented by the appeal to this court requires a statement of the case, as disclosed by the record, with some detail.

On February 21, 1910, appellant and appellee entered into a written contract, whereby appellant sold appellee 43 feet off the south side of lot No. 5 in block 25 in the original plat; also lot No. 187, in Forbes Addition, all in the city of Marion, Grant County, Indiana; and for which, and in consideration therefor, appellee agreed to assign and transfer to appellant $15,000 in par value of the capital stock of The Brown-Williams Company, a mercantile corporation in the above named city, and to execute a mortgage on the first specified and described real estate, to secure outstanding notes aggregating $2,750, which he agreed to pay as part of the purchase price of that real estate; all conveyances and transfers necessary, to be made on or before March 1, 1910. This contract contains the further stipulation or covenant, which we set out verbatim:

"And the said party of the first part agrees to make the conveyances unto the second party, of the said described real estate, on or before March 1, 1910, and agrees that said party shall have a good and merchantable title, free and clear of all liens and encumbrances, except the taxes payable in 1910 and thereafter."

This contract is embodied and set out in its entirety in appellee's complaint, which is in one paragraph. It is further alleged in substance in the complaint that at the time he entered into this contract, appellant was not the owner of said lot No. 187, the second lot or parcel of real estate described therein, but that the same was then owned by the corporation heretofore named—The Brown-Williams Company, and that on or about March 1, 1910, the parties met to consummate the contract, as stipulated; that at that time appellant had produced two warranty deeds, one of which had been signed by appellant and his wife, and purported to convey to appellee the 43 feet off lot No. 5, first described in the contract, and subject to the said sum of $2,750, evidenced by said outstanding notes, and agreed by appellee in the contract to be considered as part of the purchase price; also subject to taxes due in 1910, and thereafter; that the other of said deeds was signed by The Brown-Williams Company, the owner, and purported to convey to appellee said lot No. 187, the only exception from the covenants of general warranty therein contained, being that the conveyance was subject to the taxes for the year 1910, and thereafter; that at that time it was made known to appellee and appellant that said lot No. 187 was encumbered by a mortgage given to one Nellie V. Friermood, May 28, 1906, for $500, by a former owner of the lot, and duly recorded on May 29, 1906; that after appellee had knowledge of said mortgage encumbrance, appellant requested him to allow it and the note secured thereby to stand without release and payment for a short time; that if appellee did so, he, appellant "as part consideration for said deal, exchange of property and transaction, would pay said note and procure from the said mortgagee a release of the mortgage, or, that he would cause said note to be paid, and cause to be procured from the said mortgagee a release of the said mortgage, and that he would pay or cause to be paid all encumbrances against said last described real estate, other than

taxes and assessments payable in 1910, and thereafter.'' It is further alleged ''that it was then and there agreed between plaintiff and defendant that plaintiff would assign and deliver his stock in The Brown-Williams Company to the defendant, and that the plaintiff would accept said deed of conveyance and the delivery thereof, subject, however, to the condition that the defendant would pay said encumbrance against said real estate within a short time after said date; that this plaintiff did not accept the conveyance of said last described tract or lot of real estate as a fulfillment of said contract between plaintiff and defendant, but only as a partial fulfillment thereof, and that plaintiff relied upon the said promises of the defendant to procure a release of said mortgage and other existing encumbrances against said real estate, and said stock was transferred and delivered by plaintiff to defendant, as the consideration for the said promises and agreements of the defendant made in writing and verbally, as aforesaid; that said conveyance of said last described tract or lot of real estate was accepted by the plaintiff upon the condition that the defendant would carry out and perform his said agreements.'' Then follows the further allegations that appellant did not pay the note or procure a release of said mortgage, or convey or cause to be conveyed said lot No. 187, free and clear of all encumbrances, other than the taxes of 1910, and thereafter; that prior to February 7, 1911, the mortgagee had commenced suit to foreclose said mortgage, and to save further costs and expenses in that action, appellee on that day was compelled to and did pay said mortgage note, interest, costs and attorney's fees, in all amounting to $633.95, and paid, and was compelled to pay, certain street improvement liens on said lot No. 187, in the sum of $49.50; that by reason of the failure of appellant to pay said mortgage and street assessments, and the fact that appellee has been compelled to pay the same, appellee has suffered damages in the sum of $750.

Appellant demurred to the complaint. This demurrer was overruled and exception reserved. Appellant then filed an answer in two paragraphs, the first being a general denial; the second alleging in effect the execution of the deed of The Brown-Williams Company to appellee for lot No. 187, and acceptance thereof by appellee in full compliance with the provisions of the original contract, and in full satisfaction of the obligations resting upon appellant under said first named contract, so far as it related to the real estate described in the deed, and that the obligations of the original contract became thereby merged into the deed, and the warranty therein contained. Appellee demurred to this second paragraph of answer, which demurrer was overruled. The entries which follow, as set out in the record, are confused; but it appears to be conceded by the parties that appellee filed a reply to the second paragraph of answer in two paragraphs; (1) general denial; (2) that the acceptance by appellee of the deed in satisfaction of the obligations of the written contract as alleged in said second paragraph of answer, was without consideration. Appellant assigns as error, that the complaint does not state facts sufficient to constitute a cause of action; overruling the demurrer to the complaint; and overruling the motion for a new trial. If the complaint is sufficient to withstand the demurrer, it is certainly good against attack made upon it for the first time in this court.

The objections urged to the complaint are that there is no averment of any time fixed for performance of the verbal agreement sued on, or of any demand upon appellant for performance thereof; that the acceptance of the deed of The Brown-Williams Company by appellee, as alleged in the complaint had the effect to merge the prior written contract and contemporaneous parol agreements into the deed and to release appellant therefrom. The allegations of the complaint are that the existence of the mortgage lien and encumbrance upon lot No. 187, was

discovered on or about March 1, 1910, by the parties when they had met to make exchange transfers of the deeds and stock, and that appellant promised to pay off the debt and procure a release of the mortgage securing it in a short while, and that he did not do so, and that the mortgage note was long due and unpaid, and the mortgagee brought suit to foreclose the mortgage, and that appellee was compelled to, and did on February 7, 1911, pay the same. According to the averments of the complaint, the promise of appellant was to pay the mortgage indebtedness. This would imply that payment was to be made when the debt became due. Failure to pay when due, and suffering suit to be brought to collect the note by foreclosure long after the same became due, sufficiently showed appellant's renunciation of the agreement and dispensed with the necessity of demand for performance, even if it would otherwise have been necessary. *Ferguson* v. *State, ex rel.* (1883), 90 Ind. 38; *Richter* v. *Richter* (1887), 111 Ind. 456, 461, 12 N. E. 698; *Van Horn* v. *Mercer* (1902), 29 Ind. App. 277, 64 N. E. 531. Quoting from *Holderbaugh* v. *Turpin* (1881), 75 Ind. 84, 88, 39 Am. Rep. 124: "The appellant had agreed to pay the costs which appellee was compelled to pay, and there was a complete breach of his contract. A demand was not necessary to put the appellant in default; the breach of the contract did that."

Upon the question of merger of the obligations and agreements, written or verbal, entered into between the parties prior to delivery of the deed, by appellee's acceptance of the same, it may be well to say, as a general rule, all preliminary negotiations and agreements between the parties are merged in the deed. But it is asserted to be a settled rule in this State, that when the consideration in a deed is stated in general terms, that is, when it is not contractual, the true or real consideration may be shown by either party by parol evidence, for any purpose except to defeat the operation of the deed as a valid grant. *Hayes*

v. *Peck* (1886), 107 Ind. 389, 8 N. E. 274, and authorities cited. The deed involved in this controversy is copied into appellant's second paragraph of answer, and the consideration is therein shown to be in general terms. In a case where the complaint disclosed quite a similar state of facts to those alleged in the complaint at bar, the Supreme Court of this State held the complaint good, as showing that the parol agreement to pay off a mortgage found to be upon the real estate of one of the parties to the contract of exchange, became a part of the consideration for the subsequent transfer and acceptance of deed. *Lowry* v. *Downey* (1898), 150 Ind. 364, 50 N. E. 79. Many cases illustrating and applying the rule are cited and referred to.

The nature of the action and the relief demanded are not as definitely pleaded as we should like, but in our opinion the complaint states a cause of action. If the facts pleaded entitle plaintiff to some relief, the complaint is good against demurrer. *Walke* v. *Fleming* (1885), 103 Ind. 105, 2 N. E. 325; *Indianapolis, etc., Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324, 79 N. E. 539. The character of an action is determined by the facts stated in the complaint, and it is not the prayer for relief that determines the character and theory of a pleading. *Houck* v. *Graham* (1886), 106 Ind. 195, 6 N. E. 594, 55 Am. Rep. 727. The complaint asserts that appellee was to get lot No. 187 with a merchant-able title, free and clear of all liens and encumbrances, excepting taxes, and in exchange therefor he agreed to transfer to appellant $15,000 capital stock of The Brown-Williams Company. The lot with unencumbered title was therefore the consideration for the exchange and transfer by appellee of his stock. The $500 mortgage on the lot lessened and reduced this consideration to the extent it was a lien. Appellant agreed to pay off the mortgage if appellee would assign and transfer his stock and accept the deed. He re-

ceived the stock by reason of this promise and agreement, and thereby obligated himself to pay the mortgage as part consideration therefor. There was no error in overruling the demurrer to the complaint.

With the exceptions heretofore noted and quoted, the general rule is, as before stated, that by the acceptance of a deed by the grantee, in the absence of fraud or mistake, all prior or contemporaneous negotiations or executory agreements, written or verbal, leading up to its execution are merged in that instrument; for the deed then becomes the repository of the final and matured intentions and understandings of the parties. *Horner* v. *Lowe* (1902), 159 Ind. 406, 410, 64 N. E. 218; *Lowry* v. *Downey, supra; Pierce* v. *Bronnenberg* (1907), 40 Ind. App. 662, 667, 81 N. E. 739, 82 N. E. 126; *Essex* v. *Hopkins* (1912), 50 Ind. App. 316, 321, 98 N. E. 307. And this is true even where the grantor is a third person, not a party to the original contract, but the deed is made in compliance therewith. *Carr* v. *Roach* (1853), 9 N. Y. Super. Ct. 20; *Slocum* v. *Bracy* (1893), 55 Minn. 249, 56 N. W. 826 43 Am. St. 499.

Appellee, by his complaint, we take it, sought to plead the exception to this general rule, and appellant's answer of general denial presented it as a controverted fact and an issue in the case. The second paragraph of answer undertakes to plead affirmatively appellee's acceptance of the deed of The Brown-Williams Company as a merger of the agreements in the written contract between the parties and a consequent release of appellant from his obligation to furnish appellee a merchantable title for lot No. 187, free and clear of all liens and encumbrances, except taxes, or, as an accord and satisfaction, if we are to be guided by the argument of appellant's counsel. The theory of the pleader is somewhat difficult to discover. Appellee's demurrer to this paragraph of answer was overruled, and that ruling is now claimed by appellee as error in a cross-

assignment. It has been held that the acceptance by a creditor of a note of a third person in full satisfaction of an existing debt, is an extinguishment of the original indebtedness, although this note is taken for a less sum than the whole debt. *Wipperman* v. *Hardy* (1897), 17 Ind. App. 142, 150, 46 N. E. 537; *Maxwell* v. *Day* (1874), 45 Ind. 509, 513; *Jones* v. *Ransom* (1852), 3 Ind. 327. We can perceive no reason why the same rule would not apply in this case. However, the answer is not good as an accord and satisfaction, for the reason that it simply alleges a satisfaction without an accord. There is no averment of an agreement between the parties to accept the deed in full settlement and satisfaction of the terms and obligations of the original contract, and to release appellant from his obligations therein stated. *Renihan* v. *Wright* (1890), 125 Ind. 536, 545, 25 N. E. 822, 21 Am. St. 249, 9 L. R. A. 514. Appellee's second paragraph of reply to this affirmative answer was that there was no consideration for the transactions alleged in the answer. As against this claim, the answer would be sufficient. If held simply to affirmatively plead a merger, then the answer is not bad, merely for lack of consideration. A merger is not a new or additional contract or obligation, but, in such a case as this, is the legal effect of the acceptance of the deed upon prior or contemporaneous negotiations and executory agreements terminating in the execution of the deed, and therefore, no special consideration is required.

Whether there was a parol understanding or agreement between the parties that appellant would pay the mortgage debt and procure a release of the mortgage on lot No. 187 and pay the street assessment liens thereon as part of the consideration for the exchange of appellee's stock in The Brown-Williams Company, for the real estate mentioned in the contract; or whether the acceptance by appellee of The Brown-Williams Company deed for said lot No. 187 merged the prior written assurance of appellant that appellee should have the same free and clear of

all encumbrances, except current and future taxes, and consequently released appellant from that obligation, were the principal questions of fact really involved in this controversy. Appellant had the right, under his answer of general issue, to have had the question of merger submitted to the jury.

Appellant's third assignment of error calls in question the correctness of instructions given the jury at the request of appellee. By instructions Nos. 3 and 4, given by the court at the request of appellee, the jury was informed that if it found appellee did agree to accept the deed of the The Brown-Williams Company, for lot No. 187, in full satisfaction of the obligations resting upon appellant to deed the property to appellee free of all liens and encumbrances, and did agree to release appellant from this obligation, still the agreement would not be binding unless it was upon some consideration other than that named in the original contract. These instructions were clearly misleading, confusing, and, as applied to the facts, did not state the law correctly. It is hard to understand how these instructions could be reconciled with the rule laid down in instruction No. 5, given at the request of appellant, wherein the jury was informed as matter of law if appellee accepted The Brown-Williams Company deed, in compliance with and fulfillment of the original contract, then the obligation of the appellant under the original contract as to lot No. 187 would be merged in the deed, and that there could be no recovery on the contract sued on in this action, and that the verdict should be for appellant. It appears to us that there was a misapprehension of the legal rights of the parties, in this case, almost from its inception. The instructions are so clearly prejudicial to appellant's legal rights as to necessitate a new trial of this cause.

Other instructions and rulings of the court in excluding certain offered testimony are called in question under this assignment of error, but in view of our holding, they need not be considered.

Judgment is reversed, with instructions to sustain the motion for a new trial.

PER CURIAM.—The foregoing opinion was prepared by Powers, J., and is now adopted by the full court.

NOTE.—Reported in 108 N. E. 252. As to measure of damages for breach of contract by vendor to convey, see 17 Am. Rep. 687; 106 Am. St. 963. See, also, under (1) 39 Cyc. 2089; (2) 17 Cyc. 653, 613; (3) 39 Cyc. 1632, 1208, 2081; (4) 31 Cyc. 101; (5) 1 Cyc. 734; Actions 1 C. J. §130; (6) 13 Cyc. 616; (7) 1 Cyc. 343; Accord and Satisfaction 1 C. J. §120; 39 Cyc. 2097; (8) 39 Cyc. 2098, 2102; (9) 39 Cyc. 2103; 38 Cyc. 1602, 1604.