## POWELL v. NUSBAUM ET AL.

[No. 24,232. Filed October 5, 1922.]

1. FRAUDS, STATUTE OF.—*Contract for Exchange of Lands.— Execution.— Avoidance of Terms Under Statute.*—Where a wife executed with her husband a deed for lands held by the entireties in exchange for a conveyance of plaintiff's property, she cannot avoid payment of the stipulated difference in the purchase price on the ground that, not having signed the contract through which she received conveyance, it was unenforceable under the statute of frauds. p. 361.

2. EVIDENCE.— *Parol Evidence.— Consideration for Deed.*— Although, in the absence of fraud or mistake, the general rule is that all preliminary negotiations, whether in parol or in writing, are merged in a deed, either party, when the consideration is stated in general terms, may show by parol or documentary evidence the true consideration for its execution. p. 363.

3. EXCHANGE OF PROPERTY.—*Contracts for Exchange of Lands.
—Conflict.—Merger.*—Where, by written contract for the ex-
change of lands, plaintiff agreed to convey to defendants a
certain homestead, to loan them $6,000, and to assume $4,500
of a mortgage for $7,200 on defendants' property, but by sub-
sequent agreement conveyed to defendants other property,
which agreement did not purport to embrace the entire subject-
matter of the original contract, so that it was not merged in
the subsequent agreement, defendants were obligated to dis-
charge their part of the agreement to reimburse plaintiff for
the difference between the amount of the mortgage paid by
her and the portion assumed. p. 364.

From Marion Superior Court (103,302); *Vincent G.
Clifford,* Judge.

Action by Melvina Powell against William H. Nus-
baum and wife. From a judgment for defendants, the
plaintiff appeals. (Transferred from the Appellate
Court under §1394, cl. 2, Burns 1914, Acts 1901 p. 565.)
*Reversed.*

*Bingham & Bingham,* for appellant.
*Robert W. McBride,* for appellee.

MYERS, C. J.—Appellant brought this action against
appellees to recover $2,700 alleged to be due her from
appellees on account of a certain real estate transac-
tion. The complaint was in two paragraphs. The
trial court sustained appellee's separate and several de-
murrers to each paragraph for want of facts. Appel-
lant refused to plead further, and judgment was ren-
dered in favor of appellees. The ruling on the de-
murrers to the complaint is assigned as error.

It appears from the first paragraph of the complaint
that on March 15, 1913, appellant was the owner of
certain real estate in Newcastle, known as the "Powell
Homestead," and that appellees were the owners, by
entireties, of certain real estate in Indianapolis which
was incumbered by a mortgage for $7,200, maturing

in four or five years. Appellant and appellee William H. Nusbaum, then entered into a written contract by the terms of which appellant was to convey to appellees, William H. Nusbaum and Mary W. Nusbaum, husband and wife, the Powell homestead, and appellees were to convey to appellant the Indianapolis property. Appellant was to assume and pay $4,500 of the mortgage indebtedness, and the balance, $2,700, with interest on the $7,200 until deeds were exchanged, was to be paid by appellees. Appellant was to loan appellees $6,000 on the Powell homestead, and from which loan she was to retain $2,700 and pay to appellees $3,300 in cash. The complaint states that William H. Nusbaum, in the making of the contract, acted for and represented his wife as well as himself. On March 18, 1913, and before deeds were executed for either of the properties, in compliance with the contract of March 15, appellant and appellee William H. Nusbaum, entered into another contract whereby appellant was to convey to appellees, William H. Nusbaum and Mary W. Nusbaum, certain other property—Lot 7 in Powell's addition to Newcastle —and pay them $3,300 in cash for the Powell homestead. The $6,000 loan was not made. Appellant executed a deed to appellees for Lot 7 in Newcastle, and appellees executed a deed to appellant for the Indianapolis property, subject to the $7,200 mortgage. Appellant thereafter paid and discharged the mortgage, and appellees refused and still refuse to pay any part of it.

The facts alleged in the second paragraph pertaining to the questions here for decision, are not materially different from those of the first paragraph, hence it will be unnecessary for us to refer to them.

To sustain the ruling of the trial court, appellees, in substance, first insist that as they held the title to the Indianapolis property by entireties, the contract for its sale and exchange signed only by the husband was void

as to the wife, citing *Knepper* v. *Eggiman* (1912), 177 Ind. 56, 97 N. E. 161; *Percifield* v. *Black* (1892), 132 Ind. 384, 31 N. E. 955 and, *Shirk* v. *Stafford* (1903), 31 Ind. App. 247, 67 N. E. 542.

The first case cited above was a suit to compel the specific performance of an executory contract for the amicable partition of certain land executed by a married woman in which her husband did not join, and he refused to join in the execution of a deed in compliance with the contract. The court held that an executory contract signed only by the wife "has no force, as she had no power to make such contract alone."

The second case cited was a suit against a husband and wife for the specific performance of a parol contract for the sale of the wife's land, and it was there held that a valid contract for the sale of the wife's real estate must be in writing, and in which her husband must join, but as the contract was in parol, it was therefore void.

The third case was an action by a married woman to enforce payment of certain promissory notes given by the defendant to the plaintiff concurrently with a contract for the sale of certain real estate. The court held that, "A married woman has no power to incumber or convey her lands, except by a deed in which her husband shall join," and that her contract alone to convey was void, and being void as against her, it was also void as against the other party to it.

None of these cases are in point, for in the instant case the contracts were fully executed by the conveyance of the property in which both the husband 1. and the wife joined. Hence, if it be conceded that the contracts were within the statute of frauds, or within the statute forbidding a married woman to incumber or convey her real estate without her husband joining, they were taken out of the stat-

utes by the execution of the deed.   The appellee wife will not be heard to say that she will not pay the purchase money for the real estate she possesses and is enjoying because the contract through which she received the same was unenforcable.   *Stephenson* v. *Arnold* (1883), 89 Ind. 426; *Landers* v. *Beck* (1883), 92 Ind. 49, 51.   Insofar as the question of the statute of frauds bears on this case, which is a point made by appellees, it may be said that, although the contract for the sale of the Indianapolis property was voidable, and all actions to enforce it might be defeated under this statute, yet there was no inhibition on its execution, which was done, except the payment of purchase money. Section 7464 Burns 1914, §4905 R. S. 1881, being §2 of the statute of frauds, provides that, "The consideration of any such promise, contract or agreement need not be set forth in such writing, but may be proved." Appellant is not seeking to enforce a contract for the sale of land, but to collect the purchase money on account of such sale.   That she may do, notwithstanding the statute.   *Worley* v. *Sipe* (1887), 111 Ind. 238, 12 N. E. 385; *Turpie* v. *Lowe* (1888), 114 Ind. 37, 58, 15 N. E. 834.

It must be kept in mind that the subject-matter of the contract of March 15, was the Powell homestead and the Indianapolis property, and that the second contract, March 18, had to do with the Powell homestead and Lot 7, both in Newcastle.   These contracts, under the facts alleged in each paragraph of the complaint, must be regarded as separate and distinct from each other. The second contract does not in any manner refer to the first.   By this contract appellees treated the Powell homestead as belonging to them, and traded it back to appellant for Lot 7 and $3,300 in cash.   The effect of this transaction was to leave the title to the Powell homestead in appellant.   Appellees were then in no posi-

tion to execute the $6,000 mortgage mentioned in the contract of March 15, and consequently appellant was discharged from her obligation in that respect.

Appellees, under a fair interpretation of the contract of March 15, were liable to pay, either to appellant or to the holder of the $7,200 mortgage, $2,700 which was a part of the consideration for the exchange of properties under that contract. The facts alleged in each paragraph of the complaint clearly show that appellees have not discharged that obligation, but they say, and the complaint shows that concurrently with the execution of the deed by appellant for Lot 7, and the payment of $3,300 in cash to them, they executed a deed to appellant for the Indianapolis property subject to the $7,200 mortgage, and therefore they insist that the written contracts were merged in the deeds, and the deeds were the final determination of their rights. True, in the absence of fraud or mistake, the general rule is that all preliminary negotiations, whether in parol or in writing, are merged in the deed. *Smith* v. *McClain* (1896), 146 Ind. 77, 87, 45 N. E. 41; *Horner* v. *Lowe* (1902), 159 Ind. 406, 64 N. E. 218; *Burk* v. *Brown* (1915), 58 Ind. App. 410, 108 N. E. 252. But this rule has a few exceptions, among which, as said in *Hays* v. *Peck* (1886), 107 Ind. 389, 8 N. E. 274: "It is settled by our decisions that the consideration of a deed may be shown by parol evidence, and that, for this purpose, it may be shown that the grantee verbally agreed, as part of the consideration, to pay an existing encumbrance." This exception rests upon the theory that the agreement pertaining to the consideration for a deed precedes its execution. Hence, either party, when the consideration is stated in general terms, is permitted to show by parol or documentary evidence the true consideration for its execution. *Lowry* v. *Downey* (1898), 150 Ind. 364, 50 N. E. 79; *Harvey* v.

*Million* (1879), 67 Ind. 90; *Heavilon* v. *Heavilon* (1868), 29 Ind. 509.

In the instant case it fairly appears that the appellees deeded the Indianapolis property to appellant pursuant to the contract of March 15. The consideration for that deed, as stated in that contract, was the Powell homestead and the assumption by appellant of $4,500 of the $7,200 mortgage. The mortgage was not due for four or five years, and for aught appearing the holder thereof would not have accepted payment or part payment before its maturity. Consequently, it would naturally follow that the deed would be made subject to the mortgage, as was done. However, it may be argued that the first contract was merged in the second, and the deeds made thereafter must be regarded as the final action of the parties as fixing their rights and responsibilities. As to this contention, it will be noticed that the first contract was not merged in the second, for the reason that the second did not purport to embrace the entire subject-matter of the first. *Adams* v. *Adams* (1903), 160 Ind. 61, 66 N. E. 153; *McDonough* v. *Kane* (1881), 75 Ind. 181. The contract of March 18 contains no language, nor do we find any facts in the complaint indicating that its final execution was intended by the parties as an adjustment of that part of the first contract whereby appellant was to assume $4,500 of the mortgage and loan appellees $6,000 on the Powell homestead, retaining therefrom $2,700. Undoubtedly the promised payment of $2,700 by appellees on the $7,200 mortgage was a part of the consideration for the exchange of their property for the Powell homestead. We must take the contracts and deeds as they are written, and all other material facts alleged in the complaint as true, as a basis for our conclusion on the question of whether or not appellees discharged their agreement with appellant to pay the $2,700. Appel-

lant charges in her complaint that she paid and satisfied the $7,200 mortgage, and that appellees failed and refused to reimburse her for the $2,700, by them agreed to pay as aforesaid. We therefore hold that the complaint contains facts sufficient to warrant the conclusion that appellees are indebted to appellant in the sum of $2,700, with interest thereon from the date of the contract, as a part of the consideration for appellant's acceptance of the Indianapolis property, and that the court erred in sustaining appellees' demurrers.

Judgment reversed, with instructions to the trial court to overrule appellees' demurrers to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.