FOSTER ET AL. *v.* PRUETT ET AL.

[No. 16,012. Filed May 31, 1938.]

*Cloe, Campbell & Cloe,* and *Rogers & Smith,* for appellants.

*McTurnan & Higgins* and *Parr, Parr & Parr,* for appellees.

LAYMON, J.—On August 1, 1931, appellees purchased, for $2,800, a certain tract of land sold by the sheriff of

Hamilton County, to satisfy a decree foreclosing a lien of a second mortgage, and received from the sheriff a certificate of sale which was subject and inferior to a prior existing mortgage in the sum of $10,800, subject to certain taxes, and also subject to the statutory period of redemption which expired on August 1, 1932. On July 16, 1932, the taxes on the real estate were delinquent and unpaid, and the interest on the first mortgage was past due and unpaid. On the same date appellants and appellees entered into a written contract, by the terms of which appellants agreed to pay the interest on the first mortgage, the taxes on the real estate, and to keep the interest and taxes paid during the life of the contract. The contract further provided: That the sheriff's certificate of sale be assigned to appellants, and, in the event the real estate was not redeemed by the judgment debtor in accordance with the sheriff's certificate, appellants were to present said certificate, together with the assignment thereon, and receive a sheriff's deed. The contract contained this stipulation: "That said first parties [appellants] shall hold title for said real estate, and during one year from this date said first parties and said second parties [appellees] shall offer said real estate for sale at a minimum price of not less than $100 per acre, and if said real estate is sold during said period said first parties shall receive out of the proceeds of said sale all moneys paid as delinquent interest, taxes and other improvements that may be necessary, in full, together with 6 per cent interest thereon from the date of such payment, and the proceeds of said sale above said minimum price per acre, after the deduction of the amount so paid by said first parties, shall be divided between the respective parties to this contract, share and share alike." It was further provided that appellees were to have possession of said premises after the year of redemption, during the life of the con-

tract, without charge; that appellants were to keep an account of all crops grown upon said premises, the crops then growing, the interest, if any, due the landlord, and credit the net proceeds thereof received from said crops in accordance with and against the amounts thus paid in proportion to the interest of both appellants and appellees; that in the event the real estate was redeemed, then out of the money paid in redeeming the real estate, appellants were to be repaid the amount of money which they expended for taxes and delinquent interest up to the date of said redemption, and the balance thereof was to be paid to appellees; that the possession of the premises by appellees included the house, garden, truck patches, chicken lot, and hen houses; that appellants were to have the renting of the fields and the management of the farm premises; and that appellants were to account for the net proceeds received therefrom. A copy of this contract, marked Exhibit A, was filed with and made a part of appellees' complaint, which is in one paragraph, and which, in addition to the above facts, alleges substantially: That, in accordance with the contract, appellants did, on or about August 3, 1932, receive in their names, a sheriff's deed to said land, under and by virtue of the sheriff's certificate; that appellants thereafter paid the taxes on said land and the interest on the mortgage, and operated and managed the farm, except the premises reserved by the agreement to appellees, until about July 1, 1933; that during such period, and since July 16, 1933, appellants received the rents, income, and profits thereon; that appellants held the same and refused to inform the appellees of the amount thereof or to pay the appellees any of the same; that prior to August 1, 1933, appellants demanded that appellees pay them, on or before August 1, 1933, all sums of money, with interest, that appellants had advanced on account of and under said contract, and informed the appellees that

the amount so advanced and paid, with interest, was $1,577.57; that on or before August 1, 1933, appellees were prepared and ready, willing and able to pay said demanded amount to appellants and offered to pay the same to the appellants, and each of them, in money of the United States, but each of the appellants wholly refused to receive or accept the money, unless and except on the condition that appellants be paid a further sum of $1,500; that about November 1, 1933, appellants entered upon that portion of the real estate reserved under the contract to appellees and declared their intention to control, rent, and use the land without regard for any claim or right appellees might have or make under the contract; that, in December of 1933, appellants instituted an ejectment action in the circuit court against the lessees of appellees who were then in possession of the portion of the land reserved to appellees; that after the institution of the action, and during a time when the said lessees were absent, appellants moved the said lessees' furniture out and prevented said lessees from occupying the premises, thereby causing appellees' lesees to abandon the premises; that appellants have been and now are claiming right to complete dominion of said land and premises and to permanent right of possession of the same, and of all income, rents, and profits therefrom, and have appropriated the same to their own use, and intend to continue to do so at all times hereafter, and to exclude appellees from enjoyment of, to deny their right to, and to violate any and all provisions of said contract made for appellees' benefit; and that appellants have violated the rights of appellees and have caused, and will cause, appellees loss and damage in the amount of $3,500.

Appellants demurred to the complaint for insufficient facts. The demurrer was overruled and exception reserved. Appellants then filed an answer in three para-

graphs, the first being a general denial and the second alleging, in effect, that appellants had expended in payment of taxes, interest, and charges against said land a net amount of $2,617.97, and were ready and willing to convey said land to appellees upon the payment of said sum. The third paragraph was similar to the second, except as to the amount of receipts and expenditures, and included the amount of the first mortgage, making an aggregate sum of $16,738.28, and alleged that upon the payment of this sum appellants would convey said real estate to appellees. To the affirmative paragraphs of answer appellees replied in general denial. The cause was tried by the court and jury, resulting in a verdict and judgment that appellees recover of appellants the sum of $2,500. In due time appellants filed their motion for a new trial, which was overruled, and this appeal followed, assigning as error for reversal the overruling of the demurrer to the complaint and the overruling of the motion for a new trial. The grounds in said motion which are not expressly waived are that the verdict is contrary to law and that there was error of the court in giving each of certain instructions tendered by appellees.

The objections urged to the complaint are that the facts pleaded disclose an absolute conveyance of the land in question to appellants, by virtue of the sheriff's deed, and that all prior negotiations and transactions, including the written contract which formed the basis of appellees' cause of action, were merged into the sheriff's deed under the general rule that in the absence of fraud or mistake all preliminary negotiations, whether in parol or in writing, are merged in the deed. *Smith* v. *McClain et al.* (1896), 146 Ind. 77, 45 N. E. 41; *Horner* v. *Lowe* (1902), 159 Ind. 406, 64 N. E. 218; *Burk* v. *Brown* (1915), 58 Ind. App. 410, 108 N. E. 252.

The contract sued upon is more than a preliminary

contract for the sale of real estate. The agreement, by its terms, does not purport to be a contract for the sale of real estate as between the parties. It was the evident purpose and intent of the parties, as expressed in and disclosed by the contract, that the real estate be acquired jointly by purchasing the same at a sheriff's sale and holding it until it could be disposed of at a minimum price of $100 per acre, in which event appellants were to be reimbursed for all moneys paid by them for delinquent interest, taxes, and other improvements that might be necessary, with interest thereon from date of payment, the balance to be divided between the appellants and appellees. Both the assignment of the sheriff's certificate of sale and the execution of the sheriff's deed to appellants were merely incidental to the terms of the contract. In the case of *Doty* v. *Sandusky, etc., Cement Co.* (1910), 46 Ind. App. 440, 443, 91 N. E. 569, this court, in passing upon the application of the rule of merger, said: "There are many cases in which this rule has been stated, and the question is not as to the rule but as to its application. . . . The execution of the deed does not operate as a merger, where the covenants of the contract are collateral and independent, and do not have to do with the title, possession, quality or emblements of the land conveyed." If it could be said that the written agreement was a contract for the sale of land, nevertheless the terms of the contract charged to have been violated, and upon which appellees seek recovery, relate to the consideration for which the assignment of the sheriff's certificate was made, and the execution and delivery of the sheriff's deed to appellants. The content of the deed is not before us. When the consideration is stated in general terms, however, either party is permitted to show by parol or documentary evidence the true consideration for its execution, the failure of which may properly be a basis for

an action at law. *Burk* v. *Brown, supra; Lowry* v. *Downey* (1898), 150 Ind. 364, 50 N. E. 79; *Powell* v. *Nusbaum* (1922), 192 Ind. 358, 136 N. E. 571. We conclude that the rule of merger does not apply to the facts pleaded.

Appellants further insist that the complaint is insufficient because it shows that no sale was ever made, and no offer was ever made by appellees to pay appellants their proportionate part of the proceeds of any sale, and no demand was made for the reconveyance of the real estate to the appellees. It is sufficient to say that the complaint did not raise any issue on the contract in so far as it relates to the land involved or the land conveyed. The issue was on that part of the contract, the performance of which constituted the consideration the appellees were to receive. The contract did not obligate appellees in these particulars, and such facts were unnecessary to sustain appellees' cause of action.

As a further objection appellants urge that pursuant to the terms of the contract the rights and interest of appellees expired on July 16, 1933. In this regard appellants have reference to that part of the contract containing a yearly provision. A careful reading of the contract discloses that this provision relates to the offer of sale of the land at a minimum price of $100 per acre, and not to the term of the contract.

Appellants have urged other objections to the complaint, but under the statute they are confined to the specifications pointed out by the memorandum. It may further be said that appellants, by their own requested instructions Nos. 1 and 3, given by the court, invoked the theory that appellees were seeking to recover for violation of their rights under the agreement, and could recover, if they established the

violations, and were not themselves in breach of the agreement. Having invoked this theory and having asked its presentation to the jury, appellants are not now in a position to complain of any error which they invited or invoked. *Gray* v. *Gray* (1931), 202 Ind. 485, 176 N. E. 105.

Complaint is made of certain instructions tendered by appellees and given by the court. In considering the objections urged against them, since the evidence is not in the record, it must be assumed that they were applicable to the evidence in the cause. Upon examination of each of the instructions complained of we find no error, and, when considered with the other instructions given, they fairly and fully stated the law within the issues submitted.

No reversible error having been shown, the judgment is affirmed.