### JOHN W. HOWE *vs.* JOEL WALKER.

An oral promise to discharge an incumbrance not created by himself, made by grantor to grantee, at the same time and for the same consideration as a deed containing covenants of special warranty only, will not support an action.

THOMAS, J.    The question raised by these exceptions lies within a narrow compass.

The defendant made a deed of quitclaim to the plaintiff, with a covenant to warrant and defend the quitclaimed premises against the lawful claims and demands of all persons claiming by or under him.    There was an incumbrance on the premises, not created by the grantor, to wit, a mortgage of one thousand dollars, and the plaintiff avers that at the time the defendant made this quitclaim and limited covenant by deed, he, at the same time, and for the same consideration, made a parol agreement to discharge and pay the mortgage.

This action was brought to recover an amount paid by the plaintiff upon the mortgage, which he says the defendant by his parol agreement had promised to pay.    The plaintiff offered evidence of such parol agreement, and it was excluded.    It was, we think, rightly excluded.    The parties made a contract in writing at one time, for one consideration, upon one subject matter.    Of that contract the written instrument is the exclusive evidence.    The parol evidence, if admitted, would enlarge the covenant contained in the deed ; it would show a covenant, not merely against incumbrances created by the grantor, to which the deed is restricted, but a covenant or agreement to remove incumbrances created by a third person.

It is true, as the plaintiff suggests, that the consideration of a contract, in other respects within the statute of frauds, may be proved by parol.    You may prove what was the real consideration, and that it was not that recited in the deed.    But you cannot show that, as the consideration of a deed from A to B, of Whiteacre, B agreed by parol to convey Blackacre to A; and rely upon such parol agreement as the ground of a suit in equity to enforce a specific performance.    That is, under the

power of proving by parol the consideration of a written contract, you cannot establish an independent agreement, otherwise within the statute of frauds.

Nor can you, under the guise of proving by parol the consideration of a written contract, add to or take from the other provisions of the written instrument. This would practically dispense with the statute of frauds, and with that sound rule of the common law, which finds in the written contract the exclusive and conclusive evidence of the intent and agreement of the parties, and will not suffer such written contract to be varied or affected by any contemporaneous parol agreement.

The cases of *Brackett* v. *Evans*, 1 Cush. 79, and *Preble* v. *Baldwin*, 6 Cush. 549, relied upon by the plaintiff, decided only that an agreement by the grantee to pay the taxes which should be assessed on the land granted, was not within the statute of frauds, as a contract for the sale of land or any interest therein. Nor was that agreement obnoxious to the statute, as a contract to answer for the debt of another; because, if the tax to be assessed could be treated as an existing debt, a promise made by A to B to pay a debt due from B to C is not within the statute; a promise to pay the debt of one of the contracting parties not being a promise within the statute. *Eastwood* v. *Kenyon*, 11 Ad. & El. 438. *Alger* v. *Scoville*, 1 Gray, 395.

The agreement relied upon by the plaintiff was an agreement to pay the debt of a third person. It was an agreement contemporaneous with the written contract, extending and enlarging its provisions. In both points of view the evidence was inadmissible. *Exceptions overruled.*

*E. B. Stoddard*, for the plaintiff, cited *Brackett* v. *Evans*, 1 Cush. 79; *Preble* v. *Baldwin*, 6 Cush. 552; *Weld* v. *Nichols*, 17 Pick. 538; *Davenport* v. *Mason*, 15 Mass. 85; *Wilkinson* v. *Scott*, 17 Mass. 249; *Lapham* v. *Whipple*, 8 Met. 59.

*G. F. Hoar*, for the defendant, cited 1 Greenl. Ev. §§ 281, 282; 3 Stark. Ev. (4th Amer. ed.) 1006–1008, *& notes; Preston* v. *Merceau*, 2 W. Bl. 1249; *Powell* v. *Edmunds*, 12 East, 6; *Brigham* v. *Rogers*, 17 Mass. 571; *Beach* v. *Steele*, 12 N. H. 82, *Conant* v. *Dewey*, 1 Foster, 355; *O'Harra* v. *Hall*, 4 Dall. 340.