# Clark *v.* The State.

## *Violating Prohibition Law.*

(Decided May 13, 1910.   Rehearing denied June 30, 1910.
52 South. 893.)

*Intoxicating Liquors; Barter or Exchange Loan.*—Where the proof showed that defendant furnished the prosecuting witness a quart of whisky under the agreement that he was to return other whisky for it, a barter or exchange was shown within the statute prohibiting the sale, barter or exchange of intoxicating liquors although the prosecuting witness testified that defendant lent him the whisky.

(Mayfield, J., dissents.)

APPEAL from Henry Circuit Court.

Heard before Hon. A. A. EVANS.

Press Clark was convicted of violating the prohibition law, and he appeals.   Affirmed.

H. L. MARTIN, for appellant.   The indictment was framed under section 7352, and does not purport to follow the code form in such cases, the general prohibition law repealed this section and at the time the indictment was found there was no such section in the Code.   The evidence shows a loan and not a barter or sale.—*State v. Marks*, 159 Ala. 88.

ALEXANDER M. GARBER, Attorney General, for the State.   Counsel discusses the questions raised, but without citation of authority.

MAYFIELD, J.—The indictment charged that the defendant 'did sell, barter, or exchange" intoxicating liquor, and not that he gave or lent such liquor.

The only witness examined on the part of the state testified to only one disposition, which was a loan of

one quart of whisky. The defendant testified to the same transaction, but testified that it was a gift and not a loan. There was other evidence tending to contradict the state's witness as to his returning the whisky, and, therefore, to corroborate the defendant's evidence as to a gift. None of this evidence tended to show any other transaction than that to which the state's witness and defendant testified, nor did it tend to show the transaction to be different from that to which the defendant testified.

The defendant requested the court in writing to charge that, if the jury believed from the evidence that the defendant loaned the witness Hutto the liquor in question, then the defendant must be acquitted. The court refused this charge, which was reversible error.

A loan is not included within the terms "sale, barter, or exchange," as used in the statute and in the indictment in question. This court has fully defined each of these terms, as applied to violations of the prohibition laws, and has clearly distinguished each from the other, except "barter" and "exchange," which are held to be almost synonymous. These terms are defined as follows by this court in the case of *Coker v. State,* 91 Ala. 94, 8 South. 875 : "A 'sale' is defined to be a transfer of the absolute or general property in a thing, for a price in money.—Benjamin on Sales, § 1. ' "Sale" is a word of precise legal import, both at law and in equity. It means, at all times, a contract between parties to give and pass rights of property for money, which the buyer pays, or promises to pay, to the seller, for the thing bought and sold.'—*Williamson v. Berry,* 8 How. 544 (L. Ed. 1170). 'Sales include all agreements by which property is parted with for a valuable consideration, whether there be money payment or not; provided that the bargain be made, and the value measured

[Clark v. The State.]

in money terms, * * * contracts of sale, * * *do not
extend to bargains of barter. Where one article, or
set of goods, is intended to be exchanged for another, no
price (pretium) being attached, it is not a sale; for
the transaction is, in the first instance, made by an ex-
change of goods, without reference to money payment.'
—*Gunter v. Lecky,* 30 Ala. 591; *Lumpkin v. Wilson,* 5
Heisk. (Tenn.) 555; *Woodford v. Patterson,* 32 Barb.
(N. Y.) 630. 'Where goods have been delivered by one
party, and the other party agrees to deliver other goods
of similar quality, on demand, the transaction is not
a sale of the goods, but an agreement for an exchange.'
—*Mitchell v. Gile,* 12 N. H. 390. 'A "sale" is an ex-
change of goods, or property, for money paid, or to be
paid; "barter," the exchange of one commodity, or ar-
ticle of property, for another; "exchange of goods," a
commutation, transmutation, or transfer of goods for
other goods, as distinguished from a "sale," which is a
transfer of goods for money.'—*Cooper v. State,* 37 Ark.
418; *Meyer v. Rousseau,* 47 Ark. 460 (2 S. W. 112).
The difference thus clearly defined between a sale and
barter, or exchange, is not more essential and distinct
than between these transactions, respectively, and a
gift. Indeed, the former each have one important ele-
ment in common, which is wholly lacking in the latter.
Contracts both of sale and barter involve, ex vi termi-
norum, a consideration; and the absence of this element
is of the very essence of a gift, which is 'the voluntary
transfer of a thing without consideration.'—Schouler's
Trans. Prop. 254; 8 Amer. & Eng. Encyc. of Law, 1309.
A loan, of course, differs essentially from each of these
three contracts, or transactions, and cannot be cover-
ed by either of the terms 'sale,' 'gift,' or 'barter.' Ex-
cept with respect to money, 'to loan' implies that a
thing is delivered to another for use, without reward

and to be returned in specie.—*Booth v. Terrell,* 16 Ga. 25; *Nichols v. Fearson,* 7 Pet. 109 (8 L. Ed. 623)."

Like definitions and restrictions have been given to each of these terms, when used in prohibition statutes, by the courts of other states, as well as by the Supreme Court of the United States.—See Words & Phrases, under each phrase, "sale," "barter," "exchange," and "loan."

This court, in *Coker's Case, supra,* in speaking of prohibition statutes, further said: "The statute is a highly penal one, and cannot be extended beyond its letter by the result, necessarily more or less uncertain, of speculations into the realms of supposed legislative intent, or the supposed evils aimed at by the lawmakers. The alleged offender must be tried upon what the lawgiving power has said, and not by what it may be inferred, with greater or less assurance of safety, it has intended beyond the language employed. Thus, under the Illinois statute, which, like our own, prohibits the giving or selling of liquor to a minor, the indictment was 'selling' alone, and conviction was had on proof of 'giving.' The judgment was held bad, on the ground that the statute was penal, and could not be liberally construed; that the word 'selling' had a well-known legal meaning, and, in the absence of anything in the act to the contrary, must be held to have been used in that sense alone; and that, the charge being of a sale, conviction could only be had on proof of a 'sale' as that term is used in the law.—*Siegel v. People,* 106 Ill. 94. And this doctrine has been recently fully adopted by this court, Coleman, J., delivering the opinion of the court, and declaring that 'the statute (a local prohibition act) is penal, and cannot be made to embrace by construction any case not within its meaning. We have been unable to find any case where a person was convicted of selling

liquor, upon proof of "giving away" the liquor merely.' *Williams v. State,* 91 Ala. 14 (8 South. 668). And a like principle is recognized in the earlier case of *Young v. State,* 58 Ala. 359."

Chancellor Kent has defined a "loan" to be a bailment of an article for a certain time, to be used by the borrower, without paying for the use.—2 Kent's Com. Lecture 40, p. 573 (4th Ed.). And this language is copied, almost verbatim, from Sir William Jones. See Treatise on Bailments, pp. 118, 217. Ayliffe says: "It is a grant of something, made in a gratuitous manner, for some certain use and for a certain term of time, expressed or implied, to the end that the same species should be again returned or restored again to us and not another species of the same kind or nature, and this in as good plight as it was delivered."—Pandects, B. 4. tit. 16, p. 516.

The obligation of the borrower is to take proper care of the thing borrowed, to use it according to the intention of the lender, to restore it at the proper time, and to restore it in a proper condition.—Story on Bailments, §§ 232, 254, 255.

Not only is the borrower to make a return of the thing, and in the place, and in the manner contemplated by the contract, but he must make a like return of all increments and offspring of the thing lent.—*Id.* § 257.

The continuance of the loan rests upon the good pleasure and good faith of the lender, and is therefore strictly precarious. A loan being strictly gratuitous, the lender may terminate it whenever he pleases.—Story on Bail. § 277.

Neither the statute nor the indictment can be extended by the courts to cover other cases not within its terms.

[Clarke v. The State.]

The defendant was not charged with lending liquors, but with selling, bartering, or exchanging, and, if the jury believed from the evidence that he only lent the liquor in question, he was not guilty as charged, and should have been acquitted. This was the effect of one of the charges refused to him, and its refusal was therefore error to reverse.

Under all the evidence, the jury might have found that the defendant did barter or exchange the liquor, and, if they did, of course the finding would justify a verdict of guilty; hence the general affirmative charge for the defendant was properly refused.

While some of the ingredients necessary to a barter, exchange, or loan are common to all, yet there is a marked and well-recognized difference between a loan and a barter or exchange; and the former cannot be said to constitute, or to be the equivalent of, either of the latter. Yet where the evidence is in conflict—some tending to support the one and some the other phase—it is the province of the jury to say which, if any, is proven.

For the error pointed out, the judgment ought to be reversed, and the cause remanded.

The above are the views of the writer alone; but a majority of the court are of the opinion that the trial court did not err in refusing charge 3, requested by the defendant. They are of the opinion that it was abstract; that the proof shows a barter or exchange, rather than a loan; that it may be true that the witness stated that the defendant lent him the whisky; but it also appears that he was not to return the identical whisky, but other whisky, thus rendering it a mere exchange, rather than a loan.

Affirmed.

DOWDELL, C. J., and ANDERSON, McCLELLAN, and SAYRE, JJ., concur. MAYFIELD, J., dissents.