EWERS v. WEAVER, Internal Revenue Collector.

(Circuit Court, S. D. Iowa, E. D.   November 9, 1910.)

**1. INTERNAL REVENUE (§ 16*)—OLEOMARGARINE DEALERS—TAXATION—SALE.**

Plaintiff and his brother were both retail dealers in oleomargarine, and had paid the tax for the first six months of 1910. Plaintiff, having purchased a wholesale shipment of oleomargarine, which had not arrived, borrowed from his brother a package of the same material which the brother had obtained from the same wholesale dealer from whom plaintiff's supply had been ordered. A few days thereafter, plaintiff's shipment arrived, and he returned to his brother the precise amount borrowed of the same product and brand. *Held*, that such transaction constituted a barter, and not a sale, and did not subject plaintiff to the tax imposed on wholesale dealers in oleomargarine.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 16.*]

**2. INTERNAL REVENUE (§ 38*)—TAXES—ACTION TO RECOVER—FAILURE TO APPEAL TO COMMISSIONER OF INTERNAL REVENUE.**

Where a former commissioner of internal revenue had held that a lending of taxable goods by one retail dealer to another rendered the lender liable to a tax as a wholesale dealer, plaintiff on being compelled to pay the wholesale oleomargarine dealer's tax because of having loaned a package of oleomargarine to his brother, who was a retail dealer therein, was not required to appeal from the action of the collector of the district to a commissioner of internal revenue before suing to recover the amount so paid.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84; Dec. Dig. § 38.*]

**3. SALES (§ 1*)—ELEMENTS.**

A "sale" means an exchange of property for money.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1, 3–5; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 7, pp. 6291–6306; vol. 8, p. 7793.]

Action by Frank Ewers against H. O. Weaver, as Collector for the Internal Revenue Department, to recover $100 paid under protest by plaintiff for a wholesale oleomargarine dealer's license. On demurrer to the petition. Overruled.

W. J. Roberts, for plaintiff.

George B. Stewart, Asst. U. S. Atty., for defendant.

SMITH McPHERSON, District Judge. I do not deem it necessary, nor do I have the time, to prepare a formal opinion. But it is due to counsel that I state my reasons for the holding now to be made.

This is an action brought by the plaintiff against the collector of internal revenue for this district for moneys paid, in which he seeks to recover $100 paid under protest.

The facts recited in the plaintiff's petition are that the plaintiff is a retail dealer in meats and similar products in Keokuk, Iowa. His brother, A. P. J. Ewers, is likewise a retail dealer in meats in the same city. Both plaintiff and his brother were licensed retail dealers for the sale of oleomargarine, and each had paid the tax required by law for the first six months of the year 1910, authorizing each of them to en-

gage in the retail business in the sale of oleomargarine. Plaintiff had made a purchase of Swift & Co., dealers in oleomargarine, for a shipment of that product; but, before the arrival of the product, plaintiff's supply was exhausted, and he borrowed from his brother a package of oleomargarine, which the brother had obtained from the same wholesale dealer, namely, Swift & Co. In a few days, plaintiff's shipment having arrived, he replaced with his brother the precise amount borrowed of the same product and of the same brand, manufactured by the same concern, namely, Swift & Co. The collector of internal revenue maintained that, by the return of the like product to his brother on account of said borrowing, the plaintiff thereby became a wholesale dealer, which would subject him to the tax of $100. The Commissioner of Internal Revenue declined to give him any relief, and plaintiff has brought this action.

To the petition, defendant has filed a demurrer, on the general ground that no appeal was taken to the Commissioner of Internal Revenue from the action of the collector of this district.

The general proposition is: Did either plaintiff or his brother make a sale? The holding of this court is that it was a mere borrowing or trade, and that the borrowing or trade is not a sale. A "sale" means for money. An "exchange of property" is a mere barter or trade. The very purpose of money is to have a medium of exchange so that borrowing or trading or bartering can be dispensed with. In this case, the government was not deprived of a cent of its revenue to which it was entitled. Both plaintiff and his brother made the same sales at retail that they would have made but for the transaction, except the plaintiff could have made no sale for a few days pending the arrival of his merchandise. But he had the right to engage in retailing every day, because he had paid his license fee therefor. The transaction was a mere friendly and brotherly act. The one being short and the other long as to the product in kind, the one kindly loaned to the other a package which was restored in kind and brand, manufactured by the same concern. I am unable to see how this can be construed into a sale.

Another proposition is that the statute allowing this assessment and the recovery of this money is in the nature of a penal action, and the rights of the government must clearly fall within the statute before the right can be given to make a levy and seizure. Such right cannot be placed in the statute by construction, unless fully warranted by the statute.

It would have been futile to have carried a perfunctory appeal to the Commissioner of Internal Revenue, because his decision was forestalled by his rulings, and why should the plaintiff have been driven through the idle form of such perfunctory appeal when the result was known in advance and such result hostile to the plaintiff?

The result is the demurrer to the petition is overruled.

NOTE.—In Federal Laws Governing Licensed Dealers, by John G. Capers, former Commissioner of Internal Revenue, at page 61, is the following: "A retail liquor dealer lending a package of beer or spirits to another retail liquor dealer merely as an accommodation and without compensation and to be subsequently returned does not incur liability as a wholesale liquor dealer. U. S.

v. Thomas (U. S. Court, No. Dak. 1909, Amidon, Judge).[1] This case reverses and supersedes the heretofore rulings of the Internal Revenue Bureau. The court's decision, however, is not found in any of the published Treasury Decisions."

See, also, Grier v. Tucker, 150 Fed. 658; Tucker v. Grier, 160 Fed. 611, 87 C. C. A. 513.