BOONVILLE MILLING COMPANY *v.* ROTH ET AL.

[No. 9,899.   Filed June 17, 1920.]

1. DEEDS.—*Conditions Subsequent.—Use of Property.*—A clause in a deed, "As a part consideration * * * the grantees agree not to use the * * * property as a flour exchange or for a mill, and this deed shall be null and void if said property is used for a flour exchange or for a mill at any future time," creates a condition subsequent. p. 430.

2. DEEDS.—*Conditions Subsequent.—Use of Property.—Effect of Condition.*—Under a clause in a deed stipulating that the property could not be used. "as a flour exchange or for a mill," grantee though prohibited from using the real estate as a place for conducting a business in which flour is exchanged for wheat, could buy or sell either wheat or flour or both, although such transactions might be with the same individual, the word "exchange" being synonymous with the word "barter," each meaning a reciprocal transfer of property for a money consideration, which constitutes a sale. p. 432.

3. DEEDS.— Conditions Subsequent.— Construction.— Conditions subsequent are not favored in law, and are to be strictly construed. p. 433.

4. DEEDS.—Conditions Subsequent.—Use of Property.—Breach of Condition.—An occasional exchange of wheat or flour would not constitute a use of real estate as a flour exchange within the meaning of a condition subsequent in a deed stipulating that the deed should be void if the property conveyed was used as a flour exchange. p. 434.

5. DEEDS.—Conditions Subsequent.—Use of Property.—"Mill".— A condition subsequent in a deed against using the property conveyed "for a flour exchange or for a mill" did not apply to a mill for crushing corn, wheat and oats for feed. p. 434.

6. DEEDS. — Conditions Subsequent. — Consideration. — The fact that grantees were permitted to purchase land, even though at its full value, affords a legal consideration which is sufficient to support a condition subsequent embodied in the deed, in the absence of fraud or overreaching. p. 435.

7. DEEDS.—Execution.—Preliminary Contract.—Inconsistencies. —Construction.—By the execution of a deed the preliminary contract is executed, and any inconsistencies between its terms, and those in the deed are to be explained and settled by the deed alone. p. 436.

8. EVIDENCE.—Parol Evidence.—Consideration of Deed.—It is always competent to prove by parol the true consideration of a deed, but such evidence is not competent to defeat its operation as a valid and effective grant or to defeat a restrictive condition. p. 436.

9. · DEEDS.—Conditions Subsequent.—Use of Property.—Validity. —Indefiniteness as to Time.—The fact that the operation of a clause in a deed constituting a condition subsequent against the use of the property conveyed for certain purposes is unlimited as to time does not render the restriction invalid as being unreasonable. p. 436.

From Warrick Circuit Court; Marshall R. Tweedy, Judge.

Action by the Boonville Milling Company against G. Jacob Roth and others. From the judgment rendered, the plaintiff appeals. Affirmed in part and reversed in part.

Robinson & Stilwell, C. J. Lindsey and L. A. Folsom, for appellant.

*F. H. Hatfield, S. B. Hatfield, Will S. Hatfield, J. R. Brill* and *J. W. Brady,* for appellees.

BATMAN, J.—This is an action·in which appellant is seeking to have the interest acquired by appellees in certain real estate decreed forfeited to it, by reason of the violation of an alleged condition contained in a deed of conveyance therefor executed by appellant to appellees, G. Jacob Roth and Charles Roth, and to have its title thereto quieted against all the appellees. The complaint is in three paragraphs. The second paragraph is in the usual form for ordinary actions to quiet title, and contains no special averments. The first paragraph will not be considered, as appellant has not referred to it in its brief further than to say that substantially all the material averments thereof are contained in the third paragraph. Said third paragraph alleges in substance, among other things, that on January 7, 1914, appellant executed a deed of conveyance to appellees, G. Jacob Roth and Charles Roth, for certain described real estate; that said deed, which was filed therewith as an exhibit, and made a part thereof, contained the following condition:

> "As a part of the consideration for the above described real estate, the grantees agree not to use the above described property as a flour exchange or for a mill, and this deed shall be null and void if said property is used for a flour exchange or for a mill at any future time."

It is further alleged in said paragraph that said·condition is a condition subsequent, and is part of the consideration paid by appellees for said real estate; that appellees have violated the terms of said condition by using said real estate as a flour exchange and as a mill, and by permitting others to so use it; that the violation of said condition has been to its damage, and that, by reason thereof and in accordance with the terms of said

condition, it is entitled to have said property forfeited and retransferred to it, as liquidated damages for such violation; that on May 11, 1915, it made a written demand on appellees to execute to it a deed of conveyance for their interest in said real estate, which they at the time and ever since have refused to do, a copy of which demand and deed tendered for execution being filed therewith as an exhibit and made a part thereof; that appellees are holding said real estate adverse to its rights, and in violation of said condition. Said paragraph concludes with a prayer that a forfeiture of the interest of appellees in said real estate be decreed in favor of appellant; that it be adjudged the owner thereof, and that a commissioner be appointed to convey to it all the interest of appellees therein. Appellees filed an answer in general denial, and also an affirmative paragraph, in which it is averred that the alleged condition in the deed in question was inserted therein without their knowledge and consent and without any consideration therefor. Appellees, G. Jacob Roth and Charles Roth, filed a cross-complaint against appellant, asking that their title to said real estate be quieted. Said affirmative paragraph of answer and said cross-complaint were each answered by a general denial. The cause was tried by the court, resulting in a judgment against appellant on its complaint, and in favor of appellees on their cross-complaint. Appellant filed a motion for a new trial, which was overruled, and has assigned this action of the court as the sole error on which it relies for reversal.

Appellant in its motion for a new trial has only assigned two reasons therefor, viz.: That the decision of the court is not sustained by sufficient evidence, and is contrary to law. In support of these reasons it asserts that the clause in the deed in question is a condition subsequent, and that the undisputed

evidence shows that appellees have committed a breach thereof. This court in the case of *Brady* v. *Gregory* (1912), 49 Ind. App. 355, 97 N. E. 452, said: "In determining whether a clause in a deed was intended as a condition or only as a covenant, the court will look first to the language employed to express the intent. If the language is clear and explicit it will control, and the court will look no further, but if it is indefinite and ambiguous, the court may then look to the circumstances under which the deed was executed and to the conditions surrounding the parties at the time, which may be presumed to have influenced their conduct for the purpose of ascertaining their intention. The intention to create a condition subsequent is most clearly and positively shown by a stipulation in the deed, to the effect that upon a failure to perform a certain provision or provisions therein contained, the deed shall become void, or that the estate shall be forfeited. If a deed contains a stipulation of this character, or if other language is used clearly indicating that the estate granted shall revest in the grantor upon a breach of certain provisions of the deed, such language indicates an intention to create a condition subsequent, the breach of which gives a right to the grantor to terminate the estate by re-entry after breach of condition. The courts of the various states are practically in accord upon this proposition." In the case of *Huffman* v. *Rickets* (1916), 60 Ind. App. 526, 111 N. E. 322, this court had under consideration a clause in a deed which contained, among other things, the following provision: " 'If grantees herein shall fail or refuse to comply with the above conditions in a reasonable manner, then this deed shall at once become null and void' "; and, in the course of its opinion said: "The deed here, by its express terms, creates an estate on condition subsequent, in that it provides that on a failure or refusal to comply with the

covenants of the deed, it shall at once become null and void." Under these authorities we feel impelled to hold that the clause in question creates a condition subsequent.

On the question of the breach of the condition under consideration, we must bear in mind that the court, by its general finding in favor of appellees, has determined that there was no such breach, and such determination must stand, if there is any evidence to support the same. It will be observed that the condition provides that the real estate in question should not be used "as a flour exchange or a mill." There is no allegation in the complaint, nor was there any evidence on the trial, as to the meaning of the term "flour exchange," and we must therefore determine its meaning from the words used, taken in connection with the context of the clause in which they appear. The word "exchange" is synonymous with the word "barter," and each means a reciprocal transfer of property for property, as distinguished from a transfer of property for a money consideration, which constitutes a sale. Anderson's, Abbott's, Black's, and Bouvier's Law Dictionaries. 1 Words and Phrases 715; 3 id. 2546; 7 id. 6300; 11 Am. and Eng. Ency. Law 570; 17 Cyc 830; 7 C. J. 931; *Hatfield* v. *State* (1893), 9 Ind. App. 296, 36 N. E. 664; *Martin* v. *Ashland Mill Co.* (1892), 49 Mo. App. 23; *Ewers* v. *Weaver* (1910), 182 Fed. 713; *Ex parte Beaty* (1886), 21 Tex. App. 426, 1 S. W. 451; *Meyer* v. *Rousseau* (1886), 47 Ark. 460, 2 S. W. 112; *Coker* v. *State* (1890), 91 Ala. 92, 8 South. 874; *Cooper* v. *State* (1881), 37 Ark. 412; *Clark* v. *State* (1910), 167 Ala. 101, 52 South. 893, 31 L. R. A. (N. S.) 517; *Jenkins* v. *Mapes* (1895), 53 Ohio 110, 41 N. E. 137; *Labaree* v. *Klosterman* (1891), 33 Neb. 150, 49 N. W. 1102; *Northern Pac. R. Co.* v. *Sanders* (1891), 47 Fed. 604; *Edwards & Beardsley* v. *Babcock* (1876), 43 Iowa

194; *Westfall* v. *Ellis* (1919), 141 Minn. 377, 170 N. W. 339. The above authorities all recognize the distinction stated, the one last cited containing the following pertinent statement and illustration quoted with approval from Tiedeman on Sales: " 'The consideration must be a price in money. Although it has been sometimes held that a sale must be a transfer for money, and that every other transfer is an exchange or barter, the better opinion is that the transaction is still a sale, although the transfer is made for something else than money, provided each article is transferred at an agreed or the market value, so that the one thing is received in payment of the price of the other. For example, a contract to deliver or exchange thirty bushels of corn at twenty-five cents per bushel for ten bushels of wheat at seventy-five cents per bushel would be a sale, for the price of the corn would be liquidated by the acceptance of the wheat. * * * The criterion * * * is whether there is a fixed price, as determination of the value at which the things are to be exchanged.' "

Keeping in mind the meaning of the word "exchange" and the distinction between an exchange and a sale, we conclude that the term, "flour exchange," as used in the clause under consideration, means a place or business at or in which flour is exchanged or bartered for some commodity other than money. When we attribute this meaning to such words, it becomes apparent that while the grantees in said deed are prohibited from using the real estate described therein, under the penalty named in said clause, as a place for conducting a business in which flour is exchanged for wheat, or wheat for flour, there is no prohibition against its use as a place of business for buying or selling either wheat or flour or both, although such transactions may be with the same individual. Appellant cannot complain that this

3.

construction is too narrow, since conditions subsequent in deeds are not favored in law, and are to be strictly construed. *Taylor* v. *Campbell* (1912), 50 Ind. App. 515, 98 N. E. 657. In determining whether there has been a breach of the condition prohibiting the use of said real estate as a flour exchange, the court must take into consideration the extent to which such real estate has been used in exchanging flour for some commodity other than money, if at all, for it is obvious that an occasional exchange of that character would not constitute a use of such real estate as a flour exchange, within the evident meaning of such condition. It must assume such proportions as to constitute the conduct of a business in that regard, in order to work a forfeiture of the real estate, as such is the evident intent of the parties, under a fair and reasonable construction of the language used in the condition. An examination of the record, in the light of the construction we have placed on said clause, discloses substantial evidence from which the trial court may have properly concluded that appellees had not breached said condition by using said real estate as a flour exchange. The undisputed evidence shows that the only mill used on said premises since the execution of said deed was a ten-horse power crusher, used in crushing corn, oats and wheat for feed. It is evident that the mill which the parties intend to prohibit by said clause was a mill for the manufacture of flour, and not a mill for crushing feed. We conclude the court did not err in overruling appellant's motion for a new trial as to the issues formed on the complaint. It will be observed that the decision of the trial court was in favor of appellees on their cross-complaint, as well as upon the complaint, and hence the motion for a new trial challenges the decision of the court on the issues formed thereon. Having determined that the

clause in the deed under consideration is a condition subsequent, it would seem to follow that the court erred in its decision, resulting in an unrestricted judgment, quieting appellee's title to the real estate in question against appellant. Appellees, however, in an effort to sustain such decision, make certain contentions, one of which is that the evidence shows that there was no consideration to support the condition, and hence it is void. The undisputed evidence in that regard appears to be that, when the first conversation was had with reference to the purchase of said real estate by appellees, appellant named them a price of $5,700 therefor, but nothing was said about any restrictions upon the use of the same; that a few days thereafter appellees notified appellant that they would accept its offer; that it was agreed that a certain cash payment should be made and certain stock should be turned over to appellant on said purchase price, and that time should be given for the payment of the remainder thereof; that it was also agreed that a bond for a deed should be executed by appellant to appellees, which should be held by them pending the payment of the balance of the purchase money; that when said bond for a deed was prepared and presented to appellees, it contained the clause in question; that they knew such fact, but nevertheless accepted the bond without objections; that, when the deed in question was prepared and tendered to appellees in pursuance of said bond, it contained the clause in question; that appellees, after consulting with their attorney with reference to said deed, accepted the same with knowledge that it contained such clause. It may be, as appellees contend that $5,700 was the full value of said real estate, still it would not follow that the restrictive condition was without consideration. The fact that

6. they were permitted to purchase the same, even at its full value, affords a legal consideration

which is sufficient, since we will not inquire into its adequacy in the absence of a charge of fraud

7. or overreaching. *Nelson* v. *Brassington* (1911), 64 Wash. 180, 116 Pac. 629, 26 Ann. Cas. 289. Moreover, it is well settled in this state that by

8. the execution of a deed the preliminary contract is executed, and any inconsistencies between its terms and those in the deed are to be explained and settled by the deed alone; and that while it is always competent to prove by parol the true consideration of a deed, such evidence is not competent to defeat its operation as a valid and effective grant. *Smith* v. *McClain* (1896), 146 Ind. 77, 45 N. E. 41; *Lowry* v. *Downey* (1898), 150 Ind. 364, 50 N. E. 79. The same reason would prevent the acceptance of parol evidence to defeat a restrictive condition in a deed. The time for appellees to have objected to the clause in question was at the time the bond for a deed was tendered, or at all events when the deed itself was tendered and, having failed to do so, they cannot now be heard to object to the court giving it effect, under the state of the issues.

Appellees also contend that the clause in question is unreasonable and therefore invalid. It bases this contention on the fact that the limitation on the use

9. of said real estate is unlimited as to time. It has been held repeatedly in this state that a contract reasonably limited as to the territory in which a specified business is not to be carried on is not rendered invalid because the restriction as to time is indefinite. *Bowser* v. *Bliss* (1845), 7 Blackf. 344, 43 Am. Dec. 93; *Martin* v. *Murphy* (1891), 129 Ind. 464, 28 N. E. 1118; *Eisel* v. *Hayes* (1895), 141 Ind. 41, 40 N. E. 119; *Beatty* v. *Coble* (1895), 142 Ind. 329, 41 N. E. 590; *O'Neal* v. *Hines* (1896), 145 Ind. 32, 43 N. E. 946. An application of the principle involved in this rule as to the facts of the instant case is decisive against the

contention of appellees in regard to the unreasonableness of the restriction contained in the clause under consideration.

No reason appearing for holding that the condition in the deed is invalid, we are of the opinion that the decision of the court on the issues formed on appellee's cross-complaint is not sustained by sufficient evidence, and that appellant's motion for a new trial as to such issues must be sustained. The judgment in appellee's favor on the issues formed on the complaint in therefore affirmed, and the judgment in their favor on the issues formed on the cross-complaint is reversed, with instructions to sustain appellant's motion for a new trial on such issues, and for further proceedings consistent with this opinion. One-half of the cost of this appeal is adjudged against appellant, and the remaining half thereof is adjudged against appellees.