## Van Blaricum et al. *v.* Kerkhoff.

[No. 12,103. Filed April 28, 1925. Rehearing denied July 2, 1925.]

1. Deeds.—*Effect of deeds made to effect partition between owners of real estate.*—Deeds made by the owners of real estate whereby each received his respective interest in land inherited from the ancestor did not invest either party with any new or additional title. p. 414.

2. Partition.—*Deeds of partition did not affect widow's rights in land inherited from husband, which went, on her death while married, to son of first marriage.*—Deeds of partition by a mother and son of lands inherited from the deceased husband and father did not convey any new or additional title to the grantees, and the widow held. title to the land set off to her by virtue of the former marriage, so that, on her death during a subsequent marriage, it went, under the provisions of §3342 Burns 1926, §3015 Burns 1914, §2484 R. S. 1881, to the child or children of the first marriage, and was not affected by her will devising it to another. p. 414.

3. EVIDENCE.—*Evidence tending to vary or contradict legal effect of deeds in evidence properly excluded.*—Exclusion of evidence, the only effect of which would have been to vary and contradict the legal effect of deeds already in evidence, was not error. p. 414.

4. APPEAL.—*Rulings excluding evidence not considered when bill of exceptions does not contain all the evidence.*—Rulings excluding evidence will not be considered on appeal where the bill of exceptions does not show that it contains all the evidence. p. 414.

From Marion Superior Court (A 23,433) ; *Theophilus J. Moll,* Judge.

Suit by Charles Herbert Kerkhoff against George M. Van Blaricum and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the court in banc.

*P. J. Lauck,* for appellants.
*Omer U. Newman,* for appellee.

McMAHAN, J.—From a decree quieting appellee's title to certain real estate, appellants appeal. The errors assigned relate to the overruling of appellants' motion for a new trial, and the correctness of the conclusions of law.

The facts as found by the court are, in substance, as follows : Charles Kerkhoff died intestate in 1894, leaving as his sole and only heirs, Mary Jane Kerkhoff, his widow, and appellee, Charles Kerkhoff, a son born to him by said Mary Jane Kerkhoff. At the time of his death, he owned a certain tract of land in the city of Indianapolis. In 1897, said widow married appellant, George Van Blaricum. Appellant Stanley Van Blaricum is a child born as a result of this marriage. In 1919, Mrs. Van Blaricum, her husband joining with her, and appellee and his wife executed a conveyance in the form of a warranty deed, whereby they conveyed said real estate to a trustee, for the express purpose, as stated in the deed, to effectuate a partition of said real

estate between appellee and his mother, and to avoid the expense of an action in partition, and that there was no other purpose in making said deed. After the execution of said deed, but on the same day, said trustee, acting under the power contained in said deed, by an instrument in the form of a warranty deed, conveyed the east half of said real estate, that being the real estate in controversy in this action to Mrs. Van Blaricum, and by another like deed, conveyed the west half of said real estate to appellee.

Later, appellee and his mother, with their respective consorts, believing there was a mistake in the partition deeds theretofore made, executed another deed to another trustee, in form like the deed made to the first trustee, and the second trustee, also to effectuate such partition, made a deed to Mrs. Van Blaricum for the land in question, and another like deed to appellee for the balance of the land. At a still later date and during her said second marriage, Mrs. Van Blaricum died, leaving as her sole and only heirs, her said second husband, her son Stanley, and appellee, a son by the first marriage.

It is also found that there was no consideration for any of said deeds except the mutual deeds made for the purpose of partition and that none of said deeds was made for the purpose of alienating the real estate, but they were made for the sole purpose of setting off to each party his and her respective interest in severalty. Mrs. Van Blaricum, by her will which was duly probated, devised all of her property to her son Stanley, one of the appellants herein.

The substance of the conclusions of law was that appellee was the owner in fee of the real estate in question and that his title should be quieted.

Appellants contend that the deed from appellee and the trustee to his mother conveyed the real estate in

question to her in fee simple, and that she, by her will, devised the same in fee simple to appellant Stanley. This contention cannot prevail. The court specifically finds the only purpose the parties had in mind in making the several deeds was to make partition of the real estate; that there was no other consideration for the execution of such deeds and that the deeds were not made to convey title. These deeds were, under the facts, partition deeds, and did not invest either party with any new or additional title. Mrs. Van Blaricum did not hold her title to the real estate in question by virtue of said deeds or either of them. She held her title by virtue of her first marriage, and she having died during her second marriage, the real estate went to appellee by virtue of §3342 Burns 1926, §3015 Burns 1914, Acts 1879 p. 123, which provides: that if a window shall marry a second or subsequent time, holding real estate by virtue of a previous marriage, and there be children or their descendants alive by such marriage, the widow cannot during such second or subsequent marriage alienate such real estate and if she die during such subsequent marriage, the real estate so held by her shall go to the children by the marriage in virtue of which such real estate came to her. There was no error in the conclusions of law.

Appellants complain of the action of the court in refusing to admit the testimony of certain witnesses. The only effect of such testimony, if introduced, would have been to vary and contradict the legal effect of the deeds heretofore mentioned. Assuming that the question concerning the exclusion of this evidence is properly presented, we hold there was no error in the action of the court in excluding it. We call attention, however, to the fact that the bill of exceptions does not pretend to set out or contain all the evidence given in the cause. The reporter certifies that

he was requested to make out a transcript of the oral evidence taken down by him in shorthand, and he certifies that the evidence set out in the bill is a transcript of such evidence. The bill of exceptions does not contain any of the documentary evidence, and there is no statement in the bill of exceptions that it contains all the evidence given in the cause. There is no attempt made to present any reserved question of law concerning the exclusion of any part of the evidence.

No reversible error being shown, the judgment is affirmed.