## RINGLER v BENEDICT, Exr

Ohio Appeals, 1st Dist, Warren Co

Decided May 8, 1933

Dean E. Stanley, Lebanon, and C. Donald Dilatush, Lebanon, for plaintiff in error.

Chas. C. Benedict, Cincinnati, for defendant in error.

**OPINION**

By ROSS, J.

This is a proceeding in error from the Common Pleas Court of Warren County, wherein judgment was rendered in favor of the defendant in that court. A jury was waived by the defendant in error, defendant below. The plaintiff in error insisted that the case was one in chancery, triable without a jury, in which position the court concurred. No complaint can now be made therefore by the plaintiff in error of the trial without a jury. 2 **Ohio Juris.**, p. 640, §593.

The petition alleges that a contract was entered into by the decedent of defendant in error and the plaintiff in error by the terms of which agreement it was provided in general, that the plaintiff in error should render certain services in and about a farm, furnish the decedent certain living accommodations, pay a certain proportion of charges for repairs, and that in exchange for such performance the decedent promised and agreed to will the plaintiff in error the farm in question, which it is alleged was worth $25,000. It is alleged that there were certain agreements as to the division of the returns from the stock and crops, and that the plaintiff in error delivered a check 'to the decedent covering charges against plaintiff in error by reason of his obligation to pay for certain repairs upon the farm. It is further alleged that the check was not cashed and an offer is made to deduct the amount of such check from the amount of damages to be awarded. The petition further alleges that the decedent prior to the date of such agreement had conveyed the farm to his son and thus perpetrated a fraud upon plaintiff in error in promising to devise by will, that which he had made it impossible for him to own at his death. It is alleged that the claim of the plaintiff in error was presented to the executor and refused by him.

The plaintiff prays that the court may find the allegations of the petition to be true and for judgment against the defendant executor, defendant in error herein, for the sum of $25,000 less the credit averred to be due the executor.

The answer admits the previous ownership of the farm by the decedent, the conveyance of same to his son, and alleges that the performance alleged by the plaintiff in error, under the alleged contract to make a will, was pursuant to an agreement between plaintiff in error and decedent covering the relation solely of landlord and tenant. The presentation of the claim to and its refusal by the executor is admitted.

The statute of frauds is pleaded, it being alleged that no note or memorandum was signed by the decedent if any such contract

as claimed by the plaintiff was entered into by the parties.

A reply avers that the relation of landlord and tenant did exist but was terminated by the contract to make a will and that a note or memorandum of such contract was exhibited to the plaintiff in error in the form of a will. The plaintiff in error also alleges that the willful and deliberate fraud practiced upon the plaintiff in error constitutes an estoppel in the executor to now advance the defense of the statute of frauds.

There is evidence supporting the claim of the plaintiff in error as to the agreement to will the property and there is also evidence which tends to show that only the relation of landlord and tenant existed between the parties. There is also evidence to indicate that the decedent led the plaintiff in error to believe that he would receive the farm from the decedent at his death, and that the plaintiff in error did believe he would receive it.

However, the controlling issue is presented by the defense of the statute of frauds, in that it is contended that no memorandum in writing of a contract was produced in evidence, signed by the decedent. The general contentions of plaintiff in error as to this issue we will now consider in detail.

It is contended first that the statute of frauds does not apply, in that the contract does not involve real estate, the decedent having deeded the property to his son prior to the alleged contract to will the same. Reference to the pleadings shows conclusively that the action is one for damages for failure to make a will devising real estate. Such a contract must be evidenced as required by the statute. The contract was not to pay the value of the farm. The contract was to devise real estate.

Second, it is claimed that a will which contained the devise to the plaintiff in error of the real estate in question, and signed by the decedent, fulfilled the requirements of the statute as to a memorandum in writing. The will is not in evidence. It contained no reference to the contract alleged. The existence of the will is only evidenced by the testimony of those vitally interested.

Under such circumstances were a nonexistant instrument permitted to supply the requirements of the statute the beneficial and wise limitations created by the statute would be circumvented and removed and its whole value in preventing the advancing of such claims as are here involved, unless supported by reliable proof, nullified.

Third, it is contended that the decedent committed a fraud upon the plaintiff in error by showing him the will and thus caused the plaintiff in error to fail to demand a writing. We think it sufficient to say that such contention is obviously untenable in an action at law.

Fourth, it is contended that performance in full by plaintiff in error takes the case out of the application of the statute. The performance claimed by plaintiff in error was little different if any, from the performance previously existing under the agreement covering the relationship of landlord and tenant, which plaintiff in error admits existed prior to the date when the contract is alleged to have been made. Performance claimed as a substitute for a writing must be such as to be clearly distinguishable from performance under an obligation other than that claimed as a basis for the contract.

The performance claimed in the instant case was entirely consistent with the ordinary relationship of landlord and tenant upon a basis of sharing in the net profits and overhead of the farm.

Fifth. It is claimed the fraud of the decedent estops his executor to advance the statute as a defense. In Newman v Newman et, 103 Oh St, 230, at p. 245, ths court say:

"The statute of frauds is founded in wisdom and has been justified by long experience. As was said by Mr. Justice Grier in Purcell v Miner, 4 Wall., 513, 517, the statute is 'absolutely necessary to preserve the title to real property from the chances, the uncertainty, and the fraud attending the admission of parol testimony.' It should be enforced. Courts of equity, to prevent the statute from becoming an instrument of fraud, have in many instances relaxed its provisions."

It has been previously decided that this is not an action in equity. A careful consideration of the pleadings causes us to reaffirm this position as applied to this particular contention.

A proceeding involving the facts implied by the evidence might be conceived, in which the statute of frauds would be relaxed in favor of the contention of plaintiff in error. It is sufficient to say that this is not such a proceeding. In addition to this we observe that the position taken by counsel for plaintiff in error on this point is founded upon a conclusion that a verbal

agreement to devise in consideration of certain performances by plaintiff in error was entered into, and that a will was in existence, which was shown to plaintiff in error and that he was lulled into security by being shown a devise pursuant to the agreement. The trial court may or may not have found such facts to exist. No separate finding of fact and conclusion of law are in the record. We have no right to presume in their absence, upon what premises the court proceeded.

We find no error requiring us to disturb the judgment of the trial court and such judgment is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.