## ROOS v JOHN SHILLITO CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5002. Decided Nov 27, 1935

Hall, Castellini, Frey & Jackson, Cincinnati, for plaintiff in error.

Paxton & Seasongood, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, J.

The law is, that the possession must be commenced with and in consequence of the

contract. If the possession can be separated from the claimed agreement, then the statutes apply. The acts relied on to take the case out of the statute must be unequivocal.

Roos, at the time she claims the two year verbal lease was entered into was, and had been for some time, a month to month tenant of the premises in question. The monthly rent for the succeeding two years was the same. No time was fixed for the beginning of any term under the claimed lease. There was no change in the occupancy or management by Mrs. Roos. There is nothing to clearly indicate that her possession was under the parol lease in question. She claims she did some papering and some minor plumbing repairs. This, however, is not inconsistent with her former month to month tenancy. The continued possession is as well referable to her first possession as it is to the second, particularly so, since no time is proven nor evidence tendered as to the time when the claimed new oral agreement was to begin.

Our conclusion is that Mrs. Roos has not shown such part performance as would take the claimed parol lease out of the statute of frauds, requiring it to be in writing.

The following authorities support the conclusion: 19 O. Jur., 618, et seq.; Hodges v Ettinger et, etc., 127 Oh St, 460; Ringler v. Benedict, 39 O.L.R. 1, (15 Abs 265); Madison Bldg. & Loan Ass'n v Eckert, 49 Oh Ap 210, (19 Abs 270); Myers v Croswell, 45 Oh St, 543; Armstrong v Katterhorn, 11 Ohio 272; Wineburgh v Toledo Corporation, 125 Oh St, 219, and cases cited.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.