GUCKENBERGER ET AL. *v.* SHANK ET AL.

[No. 16,638. Filed December 5, 1941. Rehearing denied February 11, 1942.]

446

*Virgil J. McCarty,* of Brookville, *Herman Guckenberger,* of Cincinnati, Ohio, and *E. Ralph Himelick* and *John H. Himelick,* both of Connersville, for appellants.

*Michael Bohland,* of Brookville, and *Chester E. Bielby,* of Lawrenceburg (*Estal G. Bielby,* of Lawrenceburg, of counsel), for appellees.

STEVENSON, J.—The appellees brought this action against the appellants to recover the possession of certain real estate and damages for waste and the unlawful detention thereof.

Their amended complaint alleged that they were the owners of 160 acres of farm land in Franklin County, Indiana, as tenants by entirety. The appellees alleged that they purchased this real estate from the appellants on July 29, 1938, and as a part of the amended complaint, the deed of conveyance is embodied. The consideration recited in this deed is $1.00 and other valuable considerations. The deed contained this further provision: "It is further agreed that the grantees herein shall have possession of said real estate on March 1, 1939, with the right, however, of the grantees to enter in the Fall of 1938, and sow wheat in the corn, doing no more damage to the corn than the usual damage of sowing wheat."

The amended complaint further alleged that the appellants had wrongfully and unlawfully failed and refused to give to appellees the possession of the real estate on March 1, 1939, and "that they do now unlawfully and wrongfully hold possession of said real estate and have kept the plaintiffs (appellees) out of possession unlawfully and wrongfully since March 1, 1939."

Allegations as to the damages for waste are then included; and the complaint closes with a prayer that the appellees be adjudged entitled to the immediate possession of the said real estate; that the appellants be removed therefrom; and, that the appellees have damages in the sum of $3,000.00 for waste and unlawful detention of said real estate.

To this amended complaint, the appellants filed an answer in general denial. The issues, so formed, were submitted to a jury for trial; and the jury returned a

verdict in favor of the appellees, and by their verdict found that the appellees were entitled to the immediate possession of the real estate described, and entitled to recover damages from the appellants in the sum of $750.00. The court entered judgment in accordance with this verdict. A motion for new trial was filed and overruled, and this appeal has been perfected. The only error assigned on appeal is the alleged error in overruling the appellants' motion for a new trial.

Under this assignment of error, the appellants first contend that the verdict of the jury is not sustained by sufficient evidence. The appellants contend that since there was no allegation in the complaint, that the appellees were entitled to the possession of the real estate described, the complaint was fatally defective and could not be cured by the verdict and judgment rendered thereon.

The appellants direct our attention to § 3-1303, Burns' 1933, which deals with the content of a complaint in an action in ejectment. This statute requires that a complaint shall state that the plaintiff in such action is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully kept him out of possession. It is true that the complaint in this case does not allege that the appellants are "entitled to the possession of" the real estate described. The complaint, however, does set out a recital of facts covering the entire transaction by which the appellees obtained title to this real estate by purchase from the appellants.

The complaint alleges that as a part of the consideration for the purchase of said real estate, the appellants agreed to give to the appellees absolute possession of said real estate on March 1, 1939, and inserted such a

covenant in their warranty deed. The complaint alleges that the appellants have wrongfully and unlawfully failed and refused to give to the appellees possession of said real estate on March 1, 1939, and that they do now wrongfully and unlawfully hold possession of said real estate, and have kept the appellees out of possession unlawfully and wrongfully since March 1, 1939.

It has been held in this State, that a complaint is sufficient if it states in substance the requirements of the statute. *Laramore* v. *Blumenthal* (1915), 58 Ind. App. 597, 108 N. E. 602.

It seems to us that this complaint was sufficient to warrant the inference that the appellees were entitled to the possession of the real estate involved. At any rate, the sufficiency of this complaint was not challenged by demurrer, and it is not disclosed that the appellants were deprived of any defense to which they were entitled under the law in the trial of this action. The complaint, if lacking in any material averment, could have been amended in the lower court at any time to conform to the proof. § 2-1063, Burns' 1933. Since this defect, if any, in the complaint was not called to the attention of the trial court, and since the trial court could have permitted the amendment without prejudice to the rights of the appellants, if the matter had been called to the trial court's attention, the pleadings will now be deemed amended on appeal to conform to the proof. *Laramore* v. *Blumenthal, supra; Steve* v. *Colosimo* (1937), 211 Ind. 673, 7 N. E. (2d) 983; *Evans* v. *Evans* (1939), 107 Ind. App. 127, 23 N. E. (2d) 270; *Curtis Storage & Trans. Co.* v. *Rosenberg* (1939), 106 Ind. App. 622, 21 N. E. (2d) 440.

The judgment of the court, rendered upon the verdict of the jury, adjudged and decreed that the appellees were the owners in fee simple and entitled to the immediate possession of the real estate described, and the appellants have cited us to no authority in support of their contention that these facts must be recited in the verdict. It follows, therefore, that the verdict of the jury in this case is not contrary to law and was supported by sufficient evidence.

The appellants further contend that the court erred in refusing to permit the attorney for the appellants to state to the jury in his opening statement the true consideration for which the real estate was conveyed. The appellants insist that their attorney had a right to state to the jury that the evidence would show a parol agreement between the parties, made prior to the execution of the deed in question, to the effect that the appellants should be given the right to continue in possession as long as the appellees owned the real estate so purchased. This contention calls in question the competency of evidence tending to prove such an agreement in contravention of the express stipulation in the deed of conveyance, which provided that "the grantees herein shall have possession of said real estate on March 1, 1939."

This same contention is again raised on the trial of the case when evidence was offered by the appellants and, upon objection, refused by the court. This offered evidence was the testimony of the appellant, Carl A. Guckenberger, to the effect that prior to the execution and delivery of the deed to the farm in question, the appellants priced the farm to the appellees at $24,000.00, but later agreed to accept $20,000.00 in cash, together with the promise that the appellees would make valu-

able improvements on the real estate, and would permit the appellants to stay on the farm as tenants as long as the appellees owned the same. The appellants insist that this evidence is proper to explain the true consideration for the deed of conveyance.

The rule governing the admissibility of parol evidence, with respect to contradicting the terms of a written contract, has been aptly stated in 16 Am. Jur., Deeds, § 445, p. 686:

"The general rule that parol evidence is inadmissible to vary or contradict the terms of a written contract applies in all its strictness to actions involving deeds. In the construction of a deed, all prior negotiations must be taken as merged in that instrument, the conclusive presumption being that the whole engagement of the parties and the extent and manner of it were reduced to writing. . . ."

This same rule finds expression in the following Indiana authorities and in the following language:

"Moreover, it is well settled in this state that by the execution of a deed the preliminary contract is executed, and any inconsistencies between its terms and those in the deed are to be explained and settled by the deed alone; and that while it is always competent to prove by parol the true consideration of a deed, such evidence is not competent to defeat its operation as a valid and effective grant. *Smith* v. *McClain* (1896), 146 Ind. 77, 45 N. E. 41; *Lowry* v. *Downey* (1898), 150 Ind. 364, 50 N. E. 79. The same reason would prevent the acceptance of parol evidence to defeat a restrictive condition in a deed." *Boonville Milling Co.* v. *Roth* (1920), 73 Ind. App. 427, 436, 127 N. E. 823. See also *Owen* v. *Fletcher Savings & Trust Bldg. Co.* (1934), 99 Ind. App. 365, 189 N. E. 173; *Van Blaricum* v. *Kerkhoff* (1925), 83 Ind. App. 411, 147 N. E. 633; *Wayne, etc., Loan Assn.* v. *Beckner* (1922), 191 Ind. 664, 134 N. E. 273.

452

The appellants insist, however, that these rules are not applicable where the consideration recited in the deed does not purport to name the true consideration. They insist, therefore, that the offered testimony is admissible as tending to prove the actual consideration for which the deed was executed. To permit the appellants, however, to offer evidence to the effect that the appellants were to remain in possession of the real estate conveyed to the appellees after March 1, 1939, would be to directly contradict the provision of the deed, with reference to the surrender of the possession. The correct rule which governs this contention has been carefully considered by Wigmore in his treatise on evidence, wherein we find the following language:

> "In general, then, it may be said that a recital of consideration received is, like other admissions, disputable so far as concerns the thing actually received; but that, so far as the terms of a contractual act are involved, the writing must control, whether it uses the term 'consideration' or not, and therefore the terms are not disputable." Wigmore on Evidence, Vol. 9, Third Ed., § 2433, pp. 108, 109.

Measured by this rule, it is apparent to us that the stipulation in the deed, to the effect that possession of the premises was to be surrendered on March 1, 1939, involved a contractual act, and this provision of the deed was accordingly controlling.

The offered evidence tended to establish the fact that possession was never to be surrendered by the appellants, so long as the appellees owned the real estate. In contravention of this testimony, however, there was incorporated in the deed the express stipulation that the grantees shall have possession of said real estate on March 1, 1939, "with the right, however, of the

grantees to enter in the Fall of 1938, and sow wheat in the corn." These were clearly contractual terms set forth and embodied in the deed. These independent stipulations are to be regarded as a contract, and where such are embodied and incorporated in the deed "parol evidence is not admissible to add to or take from the terms of the contract as expressed in the writing." *Alcorn* v. *Morgan* (1881), 77 Ind. 184, 186.

The terms and conditions of this deed, with respect to surrender of possession, are not ambiguous. " 'The question is not what the parties to a deed may have intended to do by entering into that deed, but what is the meaning of the words used in that deed; . . .' " *Cole* v. *Gray* (1894), 139 Ind. 396, 407, 38 N. E. 856. The stipulation in the deed, with reference to the surrender of possession, is clear and unambiguous. The grantors were to remain in possession until March 1, 1939, receiving all growing crops and permitting the grantees only the right to enter for the purposes of sowing wheat. On March 1, 1939, the possession of the real estate was to be surrendered to the grantees. To now permit the appellants, under the guise of showing the true consideration, to prove by parol evidence that possession was never to be surrendered, would in effect defeat the operation of the deed as a valid and effective grant. Parol evidence has never been admitted to accomplish such purpose. *Lowry* v. *Downey* (1898), 150 Ind. 364, 50 N. E. 79. As was said by the Supreme Court of. Massachusetts:

"Nor can you, under the guise of proving by parol the consideration of a written contract, add to or take from the other provisions of the written instrument. This would practically dispense . . . with that sound rule of the common law, which finds in the written contract the exclusive and conclusive evidence of the intent and agreement of the

parties, and will not suffer such written contract to be varied or affected by any contemporaneous parol agreement." *Howe* v. *Walker* (1855), 70 Mass. 318, 319.

A similar question was before the Supreme Court of Oregon, in the case of *Marks* v. *Twohy Bros. Co.* (1921), 98 Ore. 514, 528, 529, 194 P. 675, 680. In this case the plaintiffs had sold all their right, title and interest in a certain irrigation ditch to the Ochoco irrigation district. The plaintiffs then sought to show by parol evidence that, as a part of the consideration for the conveyance, they had reserved the right to use this ditch during the season of 1918, for the purpose of conveying water upon their lands. The court, in holding that such parol evidence was inadmissible, said:

> ". . . In the case of a conveyance like the one under consideration from plaintiffs to the Ochoco Irrigation District, where the grantors, or one claiming under them, attempt by contradicting the consideration clause, to defeat the operation of the deed, or to lessen the force or effect thereof, or to incorporate therein a reservation of a right or interest in the property conveyed, which reservation is not enumerated in the conveyance, such parol or extrinsic evidence is inadmissible to vary, contradict, enlarge or diminish such deed. . . ."
>
> ". . . If the grantors, under the guise of varying the monetary consideration, can ingraft new terms into the instrument by parol evidence, and reserve to themselves the right to the use of the Table Land Ditch during the season of 1918, they could in the same manner reserve to themselves the right to its use for a longer period of five or fifty years, or defeat the purpose of conveyance."

This same rule is stated in 22 Corpus Juris, Evidence, § 1566, p. 1169, in the following language:

> "Where the effect of parol evidence contradicting the consideration expressed in the instrument

or showing the true consideration to be different therefrom would be to change or defeat the legal operation and effect of the instrument, or to add new matter to an agreement complete upon its face, the evidence is not admissible; for in such case it comes within the rule which forbids the introduction of parol evidence to vary, contradict, or defeat a written instrument and not within the exception to that rule that parol evidence is admissible for the purpose of contradicting or showing that the true consideration is other and different from that expressed in the writing. . . ."

In the light of these rules of law, it is our opinion that the court committed no error in refusing to admit in evidence, parol evidence of any agreement prior to the execution and delivery of the deed in question, which would contradict the written provisions of the deed with reference to the possession of the real estate conveyed. There was, accordingly, no error in refusing to permit the attorney for the appellants to refer to such inadmissible evidence in his opening statement to the jury. The extent of the opening statement made to the jury is left much to the discretion of the trial court. *United States Fidelity, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372. Since the evidence embodied in the proposed statement of counsel was inadmissible upon the trial of the cause, it was proper to exclude it from the opening statement.

The appellants further complain of the giving of certain instructions, among which is the court's instruction No. 7. By this instruction, the court informed the jury that the provision in the deed, by which it was agreed that the appellees shall have possession of said real estate on March 1, 1939, was full and complete and binding upon the parties at the time of the execution and delivery of the deed. Any right to possession of such real estate, on the part of

the appellants, after such date, must have been acquired after the execution and delivery of such instrument. It is our opinion, for the reasons heretofore set out, that this instruction was a correct statement of the law. There was, accordingly, no error in the giving thereof to the jury. Testimony was admitted as to conversations had, subsequent to the execution and delivery of the deed, which tended to prove a similar contract for possession.

As to such subsequent contract, the court gave instruction No. 9, which informed the jury that any contract which had for its purpose the conferring of possession of the real estate described upon the appellants, so long as the appellees owned the real estate in question, should be in writing, and executed with the formalities required of deeds, if such contract was to be valid and enforceable. It is the law that a right to the possession of real estate is an interest therein, and any contract which seeks to convey an interest in land is required to be in writing. *Brumfield* v. *Carson* (1870), 33 Ind. 94, 5 Am. R. 184; *Montuori* v. *Bailen* (1935), 290 Mass. 72, 194 N. E. 714, 97 A. L. R. 789. § 56-103, Burns' 1933.

Both the statute of frauds and the statute on conveyance except from their operation, however, bona fide leases for terms not exceeding three years. In order to remove such subsequent contract from the requirements of the statute, it must appear that the appellants' right to possession of this real estate was by virtue of a bona fide lease for less than three years. The oral agreement upon which the appellants rely is an agreement by which possession of the real estate was conferred so long as the appellees should own the same. Such an agreement cannot in any proper sense be called a lease for a term not exceeding three

years, for its term may last many years. To come within the exception of these statutes, it must affirmatively appear that the term of the alleged lease does not exceed three years. *Sutherland* v. *Drolet* (1913), 154 Wis. 619, 143 N. W. 663. In the absence of such a showing, there was no error in the giving of the court's instruction No. 9.

Neither has there been such a part performance on the part of the appellants as to take this case out of the operation of the statute of frauds and render it a tenancy from year to year. The appellants did not take possession of the real estate under and by virtue of the alleged lease contract. They were already in possession of the real estate as owners and vendors. Their continuance in possession is not in consequence of the contract. Before possession can be considered as part performance, it must be clearly shown that the possession relied upon was in consequence of the contract. As was said by the Appellate Court of Ohio in the case of *Roos* v. *John Shillito Co.* (1935), 52 Ohio App. 262, 264, 3 N. E.(2d) 666, 667:

> "The law is that the possession must be commenced with and in consequence of the contract. If the possession can be separated from the claimed agreement, then the statutes apply. The acts relied on to take the case out of the statute must be unequivocal."

It is our opinion, therefore, that there is no evidence in this case sufficient to warrant an inference that a tenancy from year to year has been established by the continued occupancy of the real estate in question by the appellants. The appellants were, accordingly, not harmed by the refusal of the court to give appellants' tendered instruction No. 2.

For the reasons above stated, it is our opinion that the trial court did not err in overruling the appellants' motion for a new trial. Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 37 N. E. (2d) 708.